## SOKAR'S APPEAL FROM PROBATE

Superior Court      New Haven County      File No. 56814

MEMORANDUM FILED JUNE 29, 1939.

*Samuel R. Aaron,* of New Haven, for the Appellant.

*Thomas R. Robinson,* of New Haven, for the Appellee.

O'SULLIVAN, J. The appeal shows that on the 29th day of March, 1939, the Probate Court for the District of New Haven disallowed a will purporting to have been executed by one Benjamin Vincent on the ground that it was the result of undue influence and also that the would-be testator was, at the time, of unsound mind and memory. An appeal from this order was taken by Max M. Sokar, whose application, moving for an appeal, while signed by him in his own name, clearly indicates that he made the petition in his representative capacity as the executor named in the will.

On May 2, 1939, the date of the return of the appeal to this

court, the named appellee, George O. Vincent, filed a motion to erase the appeal and a plea in abatement and to the jurisdiction. The motion to erase was heard and denied on May 26th, Daly, J., and the named appellee now presses his plea. Both motion and plea raise the same question, which may be thus expressed: Where an instrument is disallowed by a probate court as the last will of a decedent, may the executor named therein prosecute an appeal to this court.

Under the circumstances of this case, a plea in abatement is not the proper method of raising this question. As the instant appeal is taken by an executor, the appellant was not required to set forth his interest further. *Gillette's Appeal,* 82 Conn. 500, 501. And since his claimed interest thus sufficiently appears on the record no proof is required and a motion to erase is the appropriate remedy. *Avery's Appeal,* 117 Conn. 201, 202.

But even were the present plea a proper method of procedure, the result would be the same. "It is....the duty of the executor named in a will to present it for probate and endeavor to procure its admission, and this includes a right of appeal from a decision of the Court of Probate refusing to admit it." *Avery's Appeal, supra,* 203.

Hence, judgment on the plea in abatement and to the jurisdiction is denied.