THE EASTERN ELECTRIC CONSTRUCTION COMPANY *v.*
THOMAS F. MORRISSEY

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 9—decided June 27, 1955

*Gregory C. Willis,* for the appellant (plaintiff).

No appearance for the defendant (appellee).

PER CURIAM. On September 29, 1952, the defendant entered into a contract of employment with the plaintiff which provided that, for one year after the termination of his employment for any cause, he would not directly or indirectly, within the city of Bridgeport or within a radius of twenty miles there-

from, engage in, or be employed by, any business in competition with the plaintiff. The plaintiff discharged the defendant for good cause on October 9, 1953. When this action was brought in November, 1953, and when the plaintiff's application for an injunction was denied by the court on February 23, 1954, the defendant was in the employ of the County Electric Company, Inc., of Bridgeport, a competitor of the plaintiff. The plaintiff has appealed. It claims errors in the finding and in the conclusions of the court. While its claims appear to have merit, they present purely academic questions. The period of one year after the termination of the defendant's employment with the plaintiff has long since passed. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22; *State ex rel. Foote* v. *Bartholomew,* 106 Conn. 698, 701, 138 A. 787; see Reply of the Judges, 33 Conn. 586; 5 C.J.S. 36. The plaintiff states that it has identical contracts with other employees and that a determination of this case will furnish guidance with respect to these contracts. No controversy, however, has yet arisen concerning them, and the parties to them are not parties to this litigation. The case of *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293, 70 A.2d 547, is distinguishable on its facts.

The appeal is dismissed.