LOUISE G. BROWNING *v.* BERNARD M. STEERS ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued February 2—decided March 9, 1972

*J. Ward Rafferty,* with whom, on the brief, was *Abram A. Washton,* for the appellant (plaintiff).

*Michael D. Shapiro,* with whom, on the brief, was *Morgan K. McGuire,* for the appellee (named defendant).

PER CURIAM. The appellant filed a motion for appeal from Probate on August 6, 1969, returnable to the Superior Court. The motion alleged: "1. She is an heir-at-law of said deceased." 2. A recitation of the order of July 8, 1969, by the Probate Court for the district of Stonington, that Mildred Gray Steers had died on May 1, 1969, leaving a will duly executed, that the court approved the will and the appointment of the executor, and that it made orders of limitations. "3. The subscriber is aggrieved by said order and decree of this Court."

The appellee filed a motion to erase, claiming lack of jurisdiction in the Superior Court, and alleged: (1) that the appellant was a sister of the deceased; (2) the deceased was survived by her husband and that, therefore, the appellant is not an heir-at-law; (3) the motion for appeal does not disclose that the appellant is an aggrieved party within the intendment of General Statutes § 45-288; and (4) the motion for appeal does not disclose the appellant's interest in the estate, as required by General Statutes § 45-293, and in what manner her interest had been adversely affected by the probate orders and decree. The court sustained the motion to erase and the appellant has appealed.

Practice Book § 94 provides that a motion to erase should be made only where a want of jurisdiction appears on the record. *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123, 249 A.2d 256; *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175. The motion for appeal recited that the appellant was an heir-at-law, with no other indication of relationship to the deceased. In *Ciglar* v. *Finkelstone,* 142 Conn. 432, 433, 114 A.2d 925, it is stated unequivocally that an allegation that an ap-

pellant is an heir-at-law is a sufficient statement of the appellant's interest, a compliance with the requirements of § 45-293.

The appellee relies on *Campbell's Appeal,* 64 Conn. 277, 29 A. 494. In that case, although there was an averment that the appellant was an heir-at-law, the other matters alleged clearly indicated that, in fact, the appellant was not an heir-at-law. Consequently, it is not authority for the appellee's contention. *Maloney* v. *Taplin,* 154 Conn. 247, 250, 224 A.2d 731, also heavily relied on by the appellee, alleged that the appellant was a nephew. In deciding the merits of a motion to erase, facts alleged in the motion or facts referred to in oral argument may not be considered. Only the facts on the record are to be considered and, if facts which do not appear in the record are to be relied on, the proper pleading is a plea in abatement rather than a motion to erase. Practice Book § 93; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* supra, 124; *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711; *Village Creek Homeowners Assn., Inc.* v. *Public Utilities Commission,* 148 Conn. 336, 340, 170 A.2d 732.

In examining the record, we find that a plea in abatement was filed, but a motion to expunge this plea was granted on the ground that it had not been timely filed as required by Practice Book § 76. The question of lack of jurisdiction, "once raised, must be disposed of no matter in what form it is presented." *Carten* v. *Carten,* supra; *Palmer* v. *Reeves,* 120 Conn. 405, 411, 182 A. 138.

There is error, the judgment is set aside and the case is remanded with direction to overrule the motion to erase, with permission to the appellee to file a plea in abatement.