THOMAS LUCIANO *v.* SATURMIN CHOSZCZYK, EXECUTOR
(ESTATE OF ALEXANDER CHOSZCZYK)

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued May 2—decided May 2, 1973

*Gary I. Cohen,* for the appellant (plaintiff).
*Joseph B. Buckley,* for the appellee (defendant).

PER CURIAM.   The appellant filed a motion for appeal from probate.   The motion, in substantial conformance with Form 440 of the Practice Book, recited that the appellant was an heir-at-law of the deceased and that he was aggrieved by the order and decree of the Probate Court in admitting to probate the will of the deceased as his last will and testament.   The executor under the will filed a motion to erase the appeal claiming that the appellant has "not set forth the particular nature of his aggrievement by the order and decree of the probate court, nor does his motion set forth the manner in which he was adversely affected by said order and decree."

The court found that the "mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient," and, further, that the appeal does not allege facts showing any manner in which the appellant is adversely affected by the decree.   The court granted the motion to erase.   The plaintiff has appealed from the judgment rendered thereon.

In *Ciglar* v. *Finkelstone,* 142 Conn. 432, 435, 114 A.2d 925, an appeal from a decree of the Probate Court admitting a will to probate, we held unequivocally that an allegation that an appellant is an heir-at-law is a sufficient statement of the appellant's interest to satisfy the predecessor of General Statutes § 45-293 that the interest of the appellant which has been adversely affected be set forth.   We reaffirmed this in *Browning* v. *Steers,* 162 Conn. 623,

624–25, 295 A.2d 544; see 1 Locke & Kohn, Conn. Probate Practice, p. 404. The allegation in the motion for appeal is sufficient to satisfy the statute.

There is error, the judgment is set aside and the case is remanded with direction to overrule the motion to erase.