CONSTANCE D. LENGE *v.* ALEXANDER A. GOLDFARB, ADMINISTRATOR (ESTATE OF JOSEPH C. DIPIETRO), ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and SPEZIALE, Js.

Argued May 14—decision released July 22, 1975

*William J. Bumster, Jr.,* for the appellant (defendant Florence DiPietro).

*William R. Moller,* with whom was *Wesley W. Horton,* for the appellee (plaintiff).

MACDONALD, J.  Joseph DiPietro died intestate, leaving his widow, Florence DiPietro, a defendant

herein, and his daughter, Constance D. Lenge, the plaintiff, as his heirs. Before his death, the decedent was the president and major stockholder of the Pioneer Fruit and Commission Company, owning 960 of its shares. These 960 shares are the subject of the present litigation. The plaintiff contends that, on the night before he died, the decedent conveyed the 960 shares to her as a gift, and that, therefore, the shares do not constitute an asset of the decedent's estate. The defendant Florence DiPietro takes an opposing view, claiming that there was no valid gift, and that, accordingly, the 960 shares properly belong to the estate.

The named defendant was appointed by the Probate Court for the district of Hartford to serve as administrator of the estate and, on December 18, 1972, he filed in the Probate Court a "Supplemental and Corrected Inventory" which did not list the 960 shares as an asset of the estate. Mrs. DiPietro, pursuant to § 45-202 of the General Statutes, filed an objection to that inventory on January 23, 1973. The Probate Court (*Kinsella, J.*) refused to schedule a hearing on the objection and directed Mrs. DiPietro to bring an action in the Superior Court. Mrs. DiPietro brought such an action, but the Superior Court (*Barber, J.*) sustained a demurrer to her complaint, holding that she lacked standing to bring the action. The Probate Court then scheduled a hearing on the objection, with Judge Thomas B. Coughlin of the Probate Court for the district of Stratford presiding at the hearing following Judge Kinsella's disqualifying himself to hear the case.

The hearing lasted seven days and assumed the form of an action to determine title to the controversial shares of stock. Judge Coughlin pro-

duced an elaborate ten-page memorandum in which he discussed at length the various claims of the parties and the applicable law. He concluded that the decedent had not made a valid gift of the 960 shares to his daughter and that title to the shares remained in the decedent's estate. He further concluded "that the administrator failed to marshall all the assets of the estate of the decedent and to include the Pioneer Fruit and Commission Company stock as said assets in the inventory of the decedent." The administrator was therefore ordered to file a second supplemental inventory listing the 960 shares as an asset of the estate.

The plaintiff appealed this decision to the Superior Court and the Superior Court (*Naruk, J.*) granted summary judgment sustaining the appeal on the ground that the Probate Court had acted beyond its powers in holding a hearing to try title to property. From that judgment, the defendant Florence DiPietro has appealed to this court.

Appeals from the probate courts to the Superior Court are governed by § 45-288, which provides that "[a]*ny person aggrieved* by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court." (Emphasis added.) "The matter of aggrievement goes to the jurisdiction of the Superior Court." *Maloney* v. *Taplin,* 154 Conn. 247, 250, 224 A.2d 731. Unless the plaintiffs are persons actually aggrieved by the order or decree, the Superior Court has no jurisdiction over the subject matter of the appeal. *Kerin* v. *Goldfarb,* 160 Conn. 463, 467, 280 A.2d 143; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 96 A.2d 547, cert. denied, 346 U.S. 826, 74 S. Ct. 45, 98 L. Ed. 351.

To qualify as an aggrieved person, the plaintiff must have a pecuniary interest in the subject matter of the decree or order, and that pecuniary interest must be adversely affected by the decree or order from which the appeal is taken. *Kerin* v. *Goldfarb,* supra, 467. If the plaintiff is not an aggrieved party, the appeal is void. *Fuller* v. *Marvin,* 107 Conn. 354, 356-57, 140 A. 731; *Orcutt's Appeal,* 61 Conn. 378, 382, 24 A. 276. The plaintiff's appeal should clearly state the basis for his claim of aggrievement; *Maloney* v. *Taplin,* supra, 249; and a mere conclusory claim that the plaintiff is aggrieved is insufficient. *Fitzhugh* v. *Fitzhugh,* 156 Conn. 625, 626, 239 A.2d 513; *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79. The plaintiff's appeal did not state a basis for her claim of aggrievement nor can we conclude, regardless of this defect, that the decree resulted in any adverse consequences with respect to the plaintiff's pecuniary interests.

The order of the Probate Court from which the appeal was taken simply directed the administrator to list the 960 shares of stock as an asset of the estate; it is well established that the mere inventorying of an asset has no effect upon the rights of an adverse claimant. *Gold's Appeal,* Kirby 100, 103; *Lynch* v. *Skelly,* 138 Conn. 376, 379, 85 A.2d 251. A probate court has no power to make final determinations of title where title is disputed. It may make such incidental determinations of questions of title as are necessary to enable it to carry out its statutory duties; *Chamberlin's Appeal,* 70 Conn. 363, 378, 39 A. 734; but such determinations have no res judicata effect and are not binding upon the adverse claimants. *Mack's Appeal,* 71 Conn. 122, 130-31, 41 A. 242. Questions of title, not inci-

dental to a probate court's statutory duties, are left for courts of general jurisdiction to resolve in ordinary actions at common law. *Gold's Appeal,* supra; *Searle* v. *Crampton,* 118 Conn. 42, 46, 170 A. 480. The present appeal in this respect somewhat resembles *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 26 A.2d 234. In that case, the Probate Court determined that the bank had neglected its duties as trustee and ordered it removed from that position. The bank appealed, claiming that it was aggrieved since the determination of the Probate Court would be res judicata in event of an independent action brought against it claiming damages for neglect of duties. The Superior Court dismissed the appeal and this court affirmed, holding that the Probate Court's finding could not be res judicata, and, therefore, that the bank was not aggrieved in any pecuniary sense. Similarly, the Probate Court cannot bind the parties by its determination in the present case, and its findings have no final effect upon their rights. Accordingly, neither party was aggrieved by the order of the Probate Court.

Both parties apparently have assumed that the Probate Court made a binding determination of title which, if allowed to stand, would act finally to settle their conflicting claims to the 960 shares of stock. If so, they have misconstrued both the effects of an inventory and the powers of a court of probate. That neither party raised the issue is of no moment. Questions of lack of jurisdiction may be raised at any time, even by the court suo motu. *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81.; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 559, 290 A.2d 348. The parties cannot confer jurisdiction of the subject

matter by consent, waiver, silence, or agreement. *Simmons* v. *State,* 160 Conn. 492, 503, 280 A.2d 351; *Gannon* v. *Sanders,* 157 Conn. 1, 6, 244 A.2d 397.

The salutary purpose of the aggrievement requirement is well demonstrated by the circumstances of this case. The nub of the controversy is a final determination of title to the 960 shares which, as we have noted, can be resolved only in an action brought in a court of general jurisdiction, and no decision made by this court upon the merits of the appeal will aid or hinder either party in an action brought to determine title. The mere listing of a questionable asset upon an inventory is not binding upon adverse claimants, nor is the failure to list an asset an obstacle to bringing an action to claim that asset. *Lynch* v. *Skelly,* 138 Conn. 376, 379, 85 A.2d 251.

The parties having failed to satisfy the aggrievement requirement, we conclude that the Superior Court was without jurisdiction to decide the merits of the present appeal.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal for lack of jurisdiction.