MATAXIA LAMBRAKOS ET AL. *v.* JAMES S. CARSON,
EXECUTOR (ESTATE OF POLYXENI A. CHILIS)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 6, 1977—decision released March 21, 1978

*Charles Henchel,* with whom was *Morris W. Mendlesohn,* for the appellants (plaintiffs).

*Charles G. Albom,* with whom, on the brief, was *Nathan G. Sachs,* for the appellee (defendant).

*Alexander Winnick* filed a brief as amicus curiae.

LOISELLE, J. The plaintiffs appealed to the Superior Court from an order of the Probate Court for the district of New Haven admitting as the last will and testament of the deceased, Polyxeni A. Chilis, an instrument dated January 2, 1974. From a judgment of the Superior Court sustaining the defendant's plea in abatement, the plaintiffs have appealed to this court.

The plaintiffs are, as their motion for appeal from probate sets forth, heirs of the decedent testatrix. At the time of their appeal, a separate appeal from the same probate order was taken by Athanasia Soula Antonopoulos Paraskevopoulos (hereinafter referred to as Soula), who claimed to be the decedent's legally adopted daughter. The defendant, executor under the will, filed pleas in abatement to each of these appeals. In the present case, the defendant claimed that none of the plaintiffs was aggrieved by the admission of the will, since, with one exception, all of them were disinherited by a prior valid will, and the party not disinherited would take the same amount under the admitted will as he would have taken under the prior valid will. In Soula's appeal, the plea in abatement was grounded on the claim that the plaintiff was not the legally adopted daughter of the decedent. A motion to consolidate the cases to allow for a simultaneous hearing on both pleas in abatement was filed by the defendant and granted by the court. Subsequently the defendant amended his plea in abatement in the present case to include the claims that "[i]f this court finds that Athanasia Paraskevopoulos is the legally adopted daughter of decedent, then the plaintiffs in the instant case would have no status to challenge the will of the decedent" and "[t]he plaintiffs in this case are not the next of kin of decedent

under Gen. Stat. 45-274 to 45-276 inclusive and are not aggrieved persons to contest the will herein." For the purposes of the plea in abatement, the parties entered into a "partial stipulation" delineating the relationships of each of the parties to the decedent.[1] Determining that Soula was the legally adopted daughter of the decedent testatrix, the court dismissed the plaintiffs' appeal.

The trial court's decision was based entirely upon the facts included in the stipulation entered into by all of the parties in each of the consolidated cases. The record on appeal to this court includes no find-

---

[1] "Partial Stipulation de Pleas in Abatement

It is hereby stipulated between the parties to said action for the purposes of the plea in abatement in each case as follows:

1. Mataxia Lambrakos is a sister of decedent, Polyxeni Chilis, and Angelo Angelopoulos, Spyros Angelopoulos, Spiro Pandajis, Constantinos Pandajis, Pauline Varlan and James Pandajis are all nephews and nieces of decedent, Polyxeni Chilis (co-appellants in case no. 147610).

2. Nicholas Carson, now deceased, was a brother of decedent, Polyxeni Chilis (and is co-appellant in case no. 147610).

3. James Carson, the defendant in both of the above cases, is a brother of decedent, Polyxeni Chilis.

4. Athanasia Soula Antonopoulos, born April 20, 1941, and resident on October 10, 1957, in Standion Tripolis Arcaias, Greece, was the subject of a decree of adoption of Aris Chilis (then husband of Polyxeni Chilis) and by Polyxeni Chilis, the decedent, which decree was entered on October 10, 1957, by the Probate Court for the district of New Haven in Connecticut; a copy of which decree is hereto attached, the validity of which decree and the jurisdiction of said court to enter same is contested by defendant. She is also a niece of the decedent, Polyxeni Chilis.

5. Said Athanasia Soula Paraskevopoulos, also known as Chilis, has at all times in the past lived in Greece and since her adoption has married and is now known as Athanasia Paraskevopoulos.

6. Said Athanasia Paraskevopoulos claims that she is the duly adopted daughter of the decedent in the appeal from probate docketed in this court as case no. 147381.

7. Other facts that any of the above parties may claim are relevant to the issues are not stipulated upon."

ing. We have often stated that a finding of subordinate facts is unnecessary when the court has not heard evidence; *Sheldon House Club, Inc.* v. *Branford,* 149 Conn. 28, 30, 175 A.2d 186; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 64, 127 A.2d 48; Maltbie, Conn. App. Proc. § 126; and, indeed, this rule has been applied to a case tried upon an agreed statement of facts. *Gilman* v. *Joseloff,* 135 Conn. 595, 596, 67 A.2d 551. But a finding should have been made to include the court's conclusions and the claims of law. *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1; see also *Sheldon House Club, Inc.* v. *Branford,* supra. In the absence of a finding, the court's memorandum of decision, although it establishes no facts, may be consulted to determine the legal conclusions underlying the judgment. *Colli* v. *Real Estate Commission,* 169 Conn. 445, 448, 364 A.2d 167; *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 140, 139 A.2d 601. Because the record in this case provides adequate basis for a determination of the plaintiffs' "aggrievement" claim, we may properly overlook the lack of a finding and dispose of the appeal as it has been presented to us by the parties. *Colli* v. *Real Estate Commission,* supra; *Baccante* v. *Zoning Board of Appeals,* 153 Conn. 44, 46, 212 A.2d 411.

As the memorandum of decision filed by the court on both pleas in abatement indicates, the sole and determinative factor in the court's judgment dismissing the plaintiffs' appeal was the validity of Soula's adoption. The court's reasoning was apparently that since it had determined that the adoption was valid, the plaintiffs in this case, as more remote relatives of the decedent, had no pecuniary interest in the merits of the Probate Court

order and, therefore, that they were not "aggrieved" persons within the meaning of General Statutes § 45-288.

General Statutes § 45-288 requires that in order for a person to appeal from a probate decree, it is necessary that the appellant show that he is an "aggrieved" person. In *Ciglar* v. *Finkelstone,* 142 Conn. 432, 435, 114 A.2d 925, it was unequivocally held that in an appeal from the admission of a will to probate, an allegation that an appellant is an heir-at-law is a sufficient statement of the appellant's interest to satisfy the standing requirement of the predecessor of § 45-288. See also *Luciano* v. *Choszczyk,* 165 Conn. 24, 25, 327 A.2d 564; *Browning* v. *Steers,* 162 Conn. 623, 624–25, 295 A.2d 544; 1 Locke & Kohn, Conn. Probate Practice, p. 404.[2] Under this principle, the allegation in the plaintiffs' motion for appeal that all of the subscribers are heirs of the decedent testatrix and are aggrieved by the probate order is sufficient to satisfy the requirements of this statute. On the basis of the record before this court, there is nothing which indicates that dismissal of the appeal on the jurisdictional ground of standing was warranted.

[2] The case of *Lenge* v. *Goldfarb,* 169 Conn. 218, 363 A.2d 110, has not affected this principle. In *Lenge,* the appellant, daughter of the deceased, sought to appeal from a probate decree ordering the defendant administrator to file a supplemental inventory listing some shares of stock as an asset of the estate. The appellant claimed that the stock had been given to her by the deceased. The court held that she was not "aggrieved" by the probate order since a "mere inventorying of an asset has no effect upon the rights of an adverse claimant" and "[a] probate court has no power to make final determinations of title where title is disputed." *Lenge* v. *Goldfarb,* supra, 221. Because the admission of a will has a prima facie adverse effect on the interest of an heir, an appeal alleging that the petitioner is an heir and is thereby aggrieved contains sufficient statement of that petitioner's interest. *Luciano* v. *Choszczyk,* 165 Conn. 24, 25, 327 A.2d 564.

In addition to their "aggrievement" claim, the plaintiffs argue that the trial court was without jurisdiction to determine the validity of Soula's adoption. The plaintiffs urge that the Superior Court, in an appeal from probate, is limited in its review to the decree appealed from, which, in this case, was the order admitting the will, and that the Superior Court's determination of the validity of Soula's adoption, in effect, infringed upon the prerogatives of the Probate Court to determine distributees. In response, the defendant argues that the stipulation entered into by the plaintiffs, the defendant, and Soula constituted consent to the expansion of issues to include the issue of the validity of the adoption. Relying on *Howarth* v. *Northcott,* 152 Conn. 460, 466, 208 A.2d 540, and *Spitz* v. *Abrams,* 128 Conn. 121, 123, 20 A.2d 616, the defendant claims that the plaintiffs, by consent, enlarged the scope of litigation to include the adoption issue, although it was not originally a part of the appellate pleadings in this case.

A reading of the stipulation indicates only that it delineates in both of the consolidated cases the relationship of every party to the decedent. The initial sentence of the stipulation states that it is entered into "for the purposes of the plea in abatement." It cannot be said that this, standing alone, constitutes consent by the plaintiffs to enlarge the issues on appeal to the Superior Court to include the adoption issue *in this case.* This issue was raised solely for the purposes of establishing Soula's "aggrievement" in order that she be allowed to take her own appeal from the probate order.

We decline, however, to address further the issue raised by the plaintiffs as to whether the Superior Court had jurisdiction to determine the validity of

Soula's adoption. As to this issue, Soula, who is not a party to this appeal, is a necessary party. Without her presence, a judgment of this court may not affect her rights. *Jensen* v. *Nationwide Mutual Ins. Co.,* 150 Conn. 56, 58, 185 A.2d 77. Furthermore, it is an established principle that the existence of an actual controversy is a prerequisite to appellate jurisdiction. *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901; *Newton* v. *Barnett,* 146 Conn. 344, 346, 150 A.2d 821. There is at present no justiciable controversy between the plaintiffs in this case and Soula, the plaintiff in the consolidated case. The trial court's determination of Soula's "aggrievement" pursuant to § 45-288 does not adversely affect the plaintiffs at this time. The issue which the plaintiffs raise may be properly addressed by this court only at such time as there arises an actual controversy requiring an adjudication of rights as between the plaintiffs and Soula, on an appeal to which Soula is a party. See, e.g., *Harkins* v. *Driscoll,* supra, 409; *Eastern Electric Construction Co.* v. *Morrissey,* 142 Conn. 742, 743, 115 A.2d 427.

There is error, the judgment is set aside and the case is remanded with direction to overrule the defendant's plea in abatement in this case.

In this opinion the other judges concurred.