[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The question before the Court is whether the appellants in this probate appeal are sufficiently aggrieved to give the Court jurisdiction to hear the appeal. For the reasons discussed below, the Court is of the opinion that they are not aggrieved and that this appeal must be dismissed.
Jane Pelzer, a daughter of the decedent, filed a Motion For Dismissal on January 18, 1991. The matter initially came before this court on short calendar on February 4, 1991. The appellants properly requested an evidentiary hearing on the issue of aggrievement. They represented that, in addition to introducing certain documentary evidence, they wished to call themselves, Ms. Pelzer, Attorney John W. Fertig, Jr., the attorney for the estate, and the Hon. Raymond F. Voelker, The Judge of Probate for Cheshire. When asked for an offer of proof concerning the proffered testimony of Attorney Fertig and Judge Voelker, counsel for the appellants stated that Attorney Fertig would testify as to what he did or did not do in order to probate the estate and that Judge Voelker would corroborate or deny the testimony of Ms. Pelzer and Attorney Fertig. No further offer of proof was given as to the substance of the proffered testimony of Attorney Fertig and Judge Voelker.
Given the fact that the sole issue before the court on the motion to dismiss is the question of aggrievement, the Court issued the following order on February 11, 1991: "The Court will conduct an evidentiary hearing, at a time convenient to counsel, limited to the question of aggrievement only. In view of the offer of proof made to the Court on February 4, 1991, the Court will not hear the testimony of either Attorney John W. Fertig or Judge Raymond F. Voelker." CT Page 2306
An evidentiary hearing was held on February 27, 1991. The court heard the testimony of Priscilla Kelly, Allyson Kelly, and Jane Pelzer. These were the only witnesses offered by the appellants. (An exception was, however, duly taken to the Court's order excluding the testimony of Attorney Fertig and Judge Voelker.) A number of documentary exhibits were also offered. However, no record of the Court of Probate, other than a motion to reconsider, discussed below, and a denial of that motion, which is in the file, was offered. The Court is confident, in view of the evidence submitted to it, that the proffered testimony of Attorney Fertig and Judge Voelker would have added nothing to the facts before it on the question of aggrievement. After a due consideration of all of the evidence, the Court finds the following facts.
Harry F. Coughlan, Sr., as the decedent was apparently known, had four children: Harry Coughlan, Jr.; Jane Pelzer; Patricia Fitzgerald; and Thomas Coughlan. Thomas married Priscilla Kelly and by her had three children: Thomas Coughlan, Jr.; Allyson Kelly; and Jennifer Kelly. Harry, Sr. at one time owned a house located at 24 Morris Road in Prospect. He lived there for a time with Thomas, Priscilla, and their children. At some point Thomas died, with his father, wife and children surviving him. Priscilla and her children continued to live with Harry, Sr.
On May 8, 1981, Harry Sr. executed a will (defendant's Exhibits 1 2) bequeathing the property located at 24 Morris Road to Priscilla. (Priscilla contends that this was done in exchange for various services that she performed, but the Court makes no finding on this issue.) In 1984, Priscilla and Harry, Sr. had a falling out, and she and her family moved out of the house. There is some evidence (defendant's Exhibit 2) that, at about this time, Harry, Sr. tore up the page of his will leaving Priscilla the house. (The Court, however, makes no finding on this.) What is clear is that on November 14, 1984, Harry, Sr. signed a quitclaim deed giving the Morris Road property to Jane Pelzer. (Plaintiff's Exhibit A).
Harry, Sr. died on March 25, 1987. Priscilla had not seen him since she moved out. The sole asset of the estate was a 1983 Plymouth automobile with a declared value of $2,475. The house, of course, was long gone. The estate was probated in the Probate Court for Cheshire. On April 3, 1987, Ms. Pelzer filed an affidavit in lieu of administration in the Probate Court. (Plaintiff's Exhibit B.) On May 22, 1987, counsel for Priscilla Kelly wrote Ms. Pelzer a letter claiming the Morris Road property for Ms. Kelly and threatening litigation over the matter. (Defendant's Exhibit 3.) On April 11, 1988, the clerk of the Probate Court signed a tax certificate for the Prospect land CT Page 2307 records stating that "[a]ll estate or succession tax due the State of Connecticut has been fully paid." (Defendant's Exhibit 4.) On May 5, 1988, Ms. Kelly filed a Motion to Reconsider, Modify or Revoke in the Probate Court (unnumbered exhibit submitted to the Court on February 4, 1991) asking for the "revokation" (sic) of the tax certificate. On September 21, 1988, Judge Voelker denied this motion.
On November 7, 1988, Priscilla Kelly and her three children filed an appeal from probate in the Superior Court for the Judicial District of Waterbury. Their reasons of appeal were filed on June 8, 1990. A general appearance was filed for the estate of Henry F. Coughlan, Sr. on December 13, 1990, by the firm of Carmody Torrance. As mentioned above, on January 18, 1991, Jane Pelzer, described as "the defendant" moved to dismiss in a motion signed by a Carmody Torrance attorney.
The appeal, the belated reasons of appeal, and the legal claims asserted by the appellants at the hearing verge on the incomprehensible. The underlying wrong that they perceive (i.e. the asserted breach of a contract by Harry, Sr. to bequeath the Morris Road property to Ms. Kelly) is reasonably clear, but their actual legal claims are another matter altogether. The appeal itself complains only of the September 21, 1988, order by Judge Voelker denying the motion to reconsider, modify or revoke. The reasons of appeal, accurately characterized by Ms. Pelzer as "stream-of-consciousness reasoning," seem to complain that the appellants were not given notice of the filing of the tax certificate and assert that this lack of notice violated due process.
At the hearing, the appellants asserted that they had an interest in the filing of the tax certificate because, so they claim, the taxes paid on the property were too low and, if they ever obtain the property, they would want to "do the right thing" and pay the additional taxes assertedly owed. There is no evidence whatsoever of any attempt by the State of Connecticut to collect any additional taxes. The appellants do not express an interest in paying any additional taxes if they do not obtain the property.
Rarely has a case with so many substantive and procedural flaws come before this court. The appeal is virtually incomprehensible; it is filed in the wrong judicial district; and the motion to dismiss it is filed by a somewhat different personage than the defendant who has filed an appearance. These flaws are surmountable. The insurmountable problem for the appellants is that they simply have no cognizable interest in the order of the Probate Court complained of. CT Page 2308
It must first be noted that this appeal was filed in the wrong judicial district. Conn. Gen. Stat. Sec. 45a-186 provides that appeals from probate are to be taken "to the superior court for the judicial district in which such court of probate is held." The judicial district for Cheshire is the Judicial District of New Haven. Conn. Gen. Stat. Sec. 51-344(7). The appellees have not, however, complained of this misfiling. The Superior Court is a court of statewide jurisdiction. Assuming that the Court has subject matter jurisdiction (which, as discussed below, it does not, given the lack of aggrievement) "the requirement as to the particular district within which the suit should be brought was but a modal and formal one which could be waived, and must be deemed to be waived in the absence of specific objection upon this ground before pleading to the merits." United States v. Hvoslef,237 U.S. 1, 12 (1915). While under other circumstances it might be advisable to transfer this matter to the Judicial District of New Haven, such a transfer is not desirable here given the significant judicial resources already devoted to this case.
The disparity between the party appearing as an appellee (the Estate of Henry F. Coughlan, Sr.) and the party moving to dismiss (Jane Pelzer) is also troubling. The evidence submitted to this Court, however, indicates that Ms. Pelzer signed the affidavit in lieu of administration (plaintiff's Exhibit B) and that she owns the property at Morris Road. It is obvious that, for all practical purposes, she is the real party in interest here. The appellants do not complain of any discrepancy along these lines. The Court is satisfied that no injustice will be done by considering her motion to dismiss on its merits. See Rommell v. Walsh, 127 Conn. 16, 15 A.2d 6 (1940); Schoonmaker v. Albertson 
Douglass Machine Co., 51 Conn. 387 (1883).
The motion to dismiss prevails on its merits. Appeals from probate are governed by Conn. Gen. Stat. Sec. 45a-186 which provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter. . .may appeal therefrom to the superior court." (Emphasis added.) "Unless the plaintiffs are persons actually aggrieved by the order or decree, the Superior Court has no jurisdiction over the subject matter of the appeal." Lange v. Goldfarb, 169 Conn. 218, 220, 363 A.2d 110
(1975).
"In determining whether a party is aggrieved, the test is whether there is a possibility, as distinguished from a certainty, that some legally protected interest that he has in the estate has been adversely affected. . . .The qualifying interest may be a direct pecuniary one, or it may consist of an injurious effect upon some legally protected right or status of the appellant." Department of Income Maintenance v. Watts, 211 Conn. 323, 326, 558 A.2d 948
(1989). This definition of aggrievement is a broad one. See CT Page 2309 Bishop v. Bordonaro, 20 Conn. App. 58, 61, 563 A.2d 1049 (1989). Nevertheless, the appellants here fail to qualify under it, unless its already generous terms are stretched well beyond the breaking point.
It has long been held that "in an appeal from probate it must appear that the appellant is a party interested, and. . .the proper place to aver such interest is not in the assignment of reasons before the Superior Court, but in the motion for appeal before the court of probate." Norton's Appeal from Probate, 46 Conn. 527,527-28 (1879). The motion for appeal in this case complains of the Probate Court's denial of the motion to reconsider, modify or revoke and states that the appellants "are heirs at law and/or creditors of the deceased." Admittedly, heirs at law and creditors will be aggrieved in many circumstances by orders of a court of probate and thus be aggrieved for purposes of Conn. Gen. Stat. Sec. 45a-186. See Lambrakos v. Carson, 174 Conn. 482, 486,391 A.2d 142 (1978) (heirs at law); Park Construction Co. v. Knapp, 150 Conn. 588, 594, 192 A.2d 635 (1963) (creditors). But the question under the statute is whether the appellants are "person[s] aggrieved by [the] order, denial or decree of [the] court of probate" complained of.
The order of the Court of Probate complained of here is the denial of the motion to reconsider, modify or revoke the tax certificate for the land records. Even if the reasons of appeal and the evidence submitted at the hearing are considered with the motion for appeal (the delay in filing the reasons of appeal not necessarily being fatal; see Barlow v. Pocsay, 21 Conn. Sup. 352,354, 154 A.2d 753 (1959)) the interest that either the decedent's heirs at law or creditors have in the filing of the tax certificate here is simply unfathomable. The appellants' purported claim concerning this — that additional taxes should be paid to the state — is actually an argument against their interests (its incredible qualities aside). Payment of additional taxes would diminish the estate, and no heir at law or creditor, in that capacity, could possibly benefit from such a diminution. It is, moreover, clear from plaintiff's Exhibit A that Harry, Sr. gave the Morris Road property to Ms. Pelzer in 1984, and that that property was never part of his estate at all.
The appellants attempt an end-run around this logical anomaly by claiming that their due process rights have been violated by an asserted lack of notice of the filing of the tax certificate. Due process does not, however, exist in a vacuum. The question must be whether notification to the decedent's heirs at law and creditors of the filing of the tax certificate would have benefitted [benefited] them in any way. The court is convinced that it would not and could not have done so. The appellants are simply not aggrieved for purpose of Conn. Gen. Stat. Sec.45a-186. CT Page 2310
For the reasons discussed above, the motion for dismissal is granted.
Dated at Waterbury this 14th day of March, 1991.
JON C. BLUE Judge of the Superior Court