On October 3, 1987 the Honorable Suzanne L. Powers, CT Page 5648 Judge of Probate for the District of New Milford filed a notice of disqualification in the Estate of Jessica Scott Dunham. Thereafter, on October 27, 1987 the Honorable Glenn E. Knierim, Probate Court Administrator appointed the Honorable William E. Fitzgerald "to act as substitute Judge of Probate" pursuant to General Statutes 45-10 "to execute the office of Judge of Probate for said District."
Judge Fitzgerald held hearings concerning the admission to probate of the August 27, 1978 will of Jessica Scott Dunham. After the hearing, Judge Fitzgerald issued a decree dated January 8, 1991 in which he ruled that the exercise of a power of appointment in favor of Carl Dunham was set aside; the clause forgiving the debt of Carl to Jessica was set aside; the clause appointing Carl as executor was set aside; and the remaining parts of the Will were admitted to Probate. John D. LaBelle was appointed administrator of the estate. Both Carl and Roger Dunham have appealed to the Superior Court for the Judicial District of Litchfield.
Joan Dunham Roberson has moved to dismiss each appeal on the grounds that "the decision of the Honorable William E. Fitzgerald, Probate Judge acting in the Probate Court for the District of New Milford, held in Manchester, was not appealed" to the superior court for the judicial district in which such court of probate is held, "pursuant to General Statutes Section 45a-186," and that neither appellant specified facts of aggrievement.
I.
These appeals have been taken to the proper court, the Judicial District of Litchfield. Judge Fitzgerald whose decree is being appealed by both Carl and Roger was appointed as acting probate judge for the New Milford District for the purpose of hearing this contested probate matter. The decedent, Jessica Scott Dunham, died a resident of New Milford and her estate was handled in the New Milford Probate Court. The hearings on the contested matters now being appealed were held in Manchester for the convenience of Judge Fitzgerald, but his actions are the actions of the New Milford Probate Court. In assessing proper procedure and statutes relating to appeals procedure, rationality and the logic of civil procedure must be utilized. That for the convenience of a judge or of witnesses or for any number of reasons hearings may be held outside the judicial district of Litchfield does not alter the fact that the probate system in Connecticut is geographically divided in accordance to the places of residence of decedents CT Page 5649 whose estates are to be administered by a probate court and that this determines the probate court which will be in charge, and likewise determines the correct place to take a probate appeal. Conn. Gen. Stat. Section 45a-186 does not state that an aggrieved person may appeal to the superior court for the judicial district in which the contested hearing or probate trial was held, but rather that the appeal is to the "Superior court for the judicial district in which such court of probate is held."
This matter concerning the admission of Mrs. Dunham's will at all times remains a matter in the Probate Court for the District of New Milford. The decrees allowing appeal are both entitled State of Connecticut, Probate Court, District of New Milford. These appeals do not involve an appeal from the Manchester Probate Court but the New Milford Probate Court where the estate has been properly opened.
The Probate Court of New Milford, acting through William E. Fitzgerald specially appointed as the Probate Judge of New Milford, pursuant to Conn. Gen. Stat. Sec. 46a-120, held, or decided its case, as the Probate Judge of New Milford, and could not in any respect decide that case as the Probate Judge of Manchester. See Lillico v. Peraltos, 152 Conn. 526. Therefore, since New Milford is in Litchfield County, proper venue for an appeal to the superior court is to the Superior Court for the Judicial District of Litchfield.
II.
Joan Dunham Roberson has also claimed in her motions to dismiss that aggrievement has not been properly alleged. In Carl Dunham's case, we are not dealing with an administrator who has been removed by the probate court, or with the removal of an executor by the probate court. In this case, the probate court admitted the will to probate which was executed by Jessica Scott Dunham on August 27, 1978, and held that that will, as executed by the testatrix, contained three clauses which the court found the named executor could not prove were not the product of undue influence. The court therefore set aside those clauses. One of the clauses of the will set aside was the clause which appointed Carl M. Dunham, Jr. to his position as executor of that will.
The executor has an obligation to defend the will and to take an appeal, and has an interest in preserving and protecting the estate and the integrity of the will of the testatrix. On that basis he is an aggrieved party. See Otis T. Bradley's Appeal From Probate,19 Conn. App. 456 (1989); First National Bank v. Beckendorf,9 Conn. Sup. 223; O'Leary v. McGuinness, 140 Conn. 80 (1953); Zimpinsky's Appeal from Probate, 6 Conn. App. 521, 527, 528; Sokar's Appeal from Probate, 7 Conn. Sup. 196 (1939). CT Page 5650
It must be remembered that this case is clearly distinguishable on its face from Avery's Appeal, 117 Conn. 201 (1933), which involved an administrator whose very existence was created by a probate court appointment, and whose rights were extinguished by the admission of a subsequent Last Will and Testament of the testator. In Avery's Appeal, however, the supreme court specifically acknowledged the right of an executor under a will to take an appeal. "It is also the duty of the executor named in a will to present it for probate and endeavor to secure its admission, and this includes a right of appeal from a decision of the Probate Court refusing to admit it." supra at pages 203, 204.
As to the allegation of the defendant's motion to dismiss, that Carl Dunham did not spell out facts of aggrievement, the reliance of the defendant/appellee Joan Dunham Roberson on the language in Exchange Buffet Corp. v. Rogers, 139 Conn. 374, 377
(1952), is misplaced. In that case the appellants alleged they were legatees and assignees under a will that they had a pecuniary interest in the estate and they were aggrieved by the Order of the Court Of Probate.
An examination of the allegations in Carl Dunham's appeal, particularly paragraphs 3, 4, 5, 6 and 7, show that Carl Dunham specifically alleged in his appeal specific items of aggrievement including being aggrieved by the court setting aside the exercise of a power of appointment giving property to Carl Dunham, which aggrieves Carl Dunham; by alleging that the probate decree setting aside Clause THIRD of the will forgiving $250,000.00 plus dollars debt owing from Carl to Jessica Dunham makes him aggrieved; by the terms of the order of the Court in clause FIFTH removing him as executor of the will he is aggrieved; by the terms of order and decree appointing an administrator and instructing the administrator to compel Carl M. Dunham, Jr. to do an accounting of the estate assets and to redistribute those assets and to file inventories and accounts, makes Carl M. Dunham, Jr. an aggrieved person; and as the executor of his mother's will that she is aggrieved by these order; and decree of the Probate Court because her wishes have been overridden by the desires of the probate judge and his views of distribution rather than the wishes of the Testatrix.
Each and all of these allegations are more than sufficient statements of aggrievement by the appellant, Carl M. Dunham, Jr. to put all parties on notice as to the nature of his aggrievement. Therefore, the appeal is appropriate, and therefore the motion to dismiss as to Carl Dunham is denied on this ground.
The appeal by Roger correctly, properly and adequately stated CT Page 5651 his aggrievement and was legally sufficient, so that this alleged ground for the motion to dismiss is also denied.
In his motion for appeal dated February 4, 1991, Roger set forth the decree of the probate court and that the probate court had found that the August 27, 1978 will of Jessica was the product of undue influence exercised by Carl. The motion for appeal further alleged that Roger was appealing only from that portion of the decree and order that admits all the remaining parts of the will to probate other than the clauses set aside by the order of the probate court. Roger also alleged that he is a son and heir at law of Jessica and is aggrieved by that portion of the probate court order and decree which admits the remaining parts of said will to probate; that Jessica had executed a will in 1970 and that the 1970 will should be the one admitted to probate and that Roger is further aggrieved because he does not, under the probate order and decree obtain his right to have the 1970 will considered for admission to probate and so cannot obtain his right to be a beneficiary under Jessica's 1970 will and the will of his deceased father, Carl Dunham, Sr. and therefore his rights in property in the estate of Jessica and the estate of Carl, Sr. are diminished.
These facts showing Roger's aggrievement are also pleaded and set forth in the reasons of appeal filed by Roger. Conn. Gen. Stat. Sec. 45a-191 (formerly Sec. 45-293) provides that "In each appeal from probate . . ., the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings of such court of probate."
Roger has appealed from a decree admitting a portion of Jessica's 1978 will to probate, and Roger claims that no part of this will should be admitted. Under Connecticut law, when the appeal is from the admission of a will to probate, the allegation that the appellant is an heir at law is itself a sufficient allegation of aggrievement and satisfies Section 45a-191. In Browning v. Steers, 162 Conn. 623 (1972) the appellant appealed from a decree admitting a will to probate. The trial court granted a motion to erase, but the supreme court reversed and held: "The motion for appeal recited that the appellant was an heir-at-law, with no other indication of relationship to the deceased. In Ciglar v. Finkelstone, 142 Conn. 432, 433, it is stated unequivocally that an allegation that an appellant is an heir-at-law is a sufficient statement of the appellant's interest, a compliance with the requirements of Section 45-293.
Dickenson's Appeal from Probate, 55 Conn. 223 (1887) was an appeal from a probate court order distributing an estate. The appellants alleged that they were either heirs-at-law or assignees of heirs-at-law and the court held: "Under our rules of practice in CT Page 5652 the probate court this was a sufficiently explicit averment that if the order complained of had not been passed a portion of the land . . . would have been set to them. This meets the requirements of the law." 55 Conn. at 229.
Lambrakos v. Carson, 174 Conn. 482 (1978) was also an appeal from a decree admitting a will to probate. The court stated: "In Ciglar v. Finkelstone, 142 Conn. 42 . . ., it was unequivocally held that in an appeal from the admission of a will to probate, an allegation that an appellant is an heir-at-law is a sufficient statement of the appellant's interest to satisfy the standing requirement of the predecessor of Section 45-288 . . . . Under this principle, the allegation in the plaintiff's motion for appeal that all of the subscribers are heirs of the decedent testatrix and are aggrieved by the probate order is sufficient to satisfy the requirements of the statute." Lambrakos v. Carson, supra, 486.
For the reasons set forth the motions to dismiss are denied in each case.