[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from an Order and Decree of the Probate Court for the District of Waterbury granting the application for Admission to Probate of the Last Will and Testament of Carmella A. Davino. The decree was entered by the Probate Court on February 3, 1993. The appeal, filed on February 25, 1993 recites that the plaintiffs are heirs-at-law of the decedent and are aggrieved by the Probate Court decree in that the decree adversely affected a pecuniary interest of the plaintiffs.
In their reasons for Appeal, filed on June 21, 1994, the plaintiffs allege five grounds for taking this appeal. The first four reasons allege, respectively, undue influence, duress, mistake and lack of testamentary capacity. In reason five, the plaintiffs allege that the decedent was under certain legal obligations regarding her estate which she ignored in her will. Specifically, "she held certain real estate under a constructive trust and was under an obligation to convey an interest in said real estate to the plaintiffs." CT Page 2665
On August 25, 1994, the defendant filed its answer, denying all of the allegations contained in Paragraphs one through five of the plaintiff's reasons for Appeal.
On October 15, 1997, the defendant moved to dismiss the appeal on the grounds that the court lacks subject matter jurisdiction, because the plaintiffs are not aggrieved as required by General Statutes §45a-186[1], and because the plaintiff's claim is not justiciable.[2]
In the alternative, the defendant moves to dismiss paragraph five of the appeal on the grounds that the court lacks subject matter jurisdiction over a claim for assets that are not part of the probate estate. In support of its motion, the defendant filed a memorandum of law and supporting documentation. The plaintiffs' filed an objection and an opposing memorandum of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,281 Conn. 531, 544, 590 A.2d 914N (1991). A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power. (Internal quotation marks omitted) Plasil v. Tableman,223 Conn. 68, 80, 612 A.2d 763 (1992). In ruling on a motion to dismiss a court should indulge every presumption favoring jurisdiction. AnnHoward's Apricots Restaurant v. CHRO, 237 Conn. 209, 221, 676 A.2d (1996). The motion may be granted only if it is clear on the record that the court is without jurisdiction. The Motion to Dismiss "admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
The defendant first moves to dismiss the entire appeal based upon lack of subject matter jurisdiction. Specifically, the defendant contends that the plaintiffs cannot satisfy the aggrievement requirement of General Statutes § 45a-186 nor can the plaintiffs set forth a justiciable claim because the estate is insolvent. The defendant maintains, that even if the plaintiffs were to prevail in their challenge to the admission of the Last Will and Testament of Carmella Davino, there could be no practical relief to the plaintiffs because the estate is insolvent. To support it's contention, the defendant submitted the affidavit of Michael J. Reardon, an attorney employed by the law firm representing the defendant, who avers that the estate is insolvent. CT Page 2666
In opposition, the plaintiffs dispute the defendant's pronouncement of insolvency, arguing that the Probate Court has made no decree declaring the estate insolvent, nor has the Probate Court approved a final accounting.
"Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Internal quotation marks omitted.) Erisoty's Appeal from Probate, 216 Conn. 514, 519582 A.2d 821 (1990).
"Manifestly, an heir at law of a decedent has an interest in the decedent's estate . . . Since the existence of a will ordinarily requires the distribution of an estate in a manner different from that prescribed by the Statute of Distributions, under which an heir at law would take, the admission of a will to Probate at least prima facie affects adversely the interest of an heir at law. It follows that in an appeal from the admission of a will to probate an allegation in the motion for appeal that the appellant is an heir at law is adequate to satisfy the requirement of § 7075 (predecessor of 45a-186) that the interest of the appellant which has been adversely affected be set forth . . ." (Citations omitted.) Ciglar v.Finklestone, 142 Conn. 432, 435, 114 A.2d 142. (1955). See also Lambrakos v.Carson, 174 Conn. 482, 486, 391 A.2d 142 (1978); Luciano v. Choszczyk,165 Conn. 24, 25, 327 A.2d 564 (1973).
The Court finds that the plaintiffs are aggrieved. The Motion for Appeal alleges that the plaintiffs are the sisters and heirs at law of the deceased, that they are aggrieved by the admission to probate of the decedent's will and that they have a pecuniary interest in the subject matter of the order. As the decedent's sisters, the plaintiffs are heirs for the purposes of intestacy. General Statutes § 45a-439 (a)(2). The statements contained in the plaintiff's Motion for Appeal adequately indicate the plaintiff's interest and set forth a prima facie statement as to how the interest will be adversely affected by the probate of the decedent's will. The plaintiffs have established aggrievement.
The defendant argues, however, that under the specific facts of this case, a different conclusion is required. The defendant claims that it's affidavit establishes that the estate is insolvent and therefore the court is without subject matter jurisdiction. According to the defendant, it's conclusion of insolvency deprives the plaintiff's of both a "pecuniary interest" adversely affected by the probate of the will and any possibility of receiving "practical relief." CT Page 2667
An estate is insolvent only after the Probate Court has made such a determination. Pursuant to General Statutes § 45a-376, the Probate Court, "after hearing . . . shall determine whether such estate shall be declared insolvent and shall send a copy of the decree to persons in interest." "Only a Probate Court may determine the solvency or insolvency of an estate, or the order of priority of claims or the percentages available to creditors in each class." (citations omitted) G. Wilhem R. Folsom, Connecticut Estate practice, Jurisdiction and Procedure, (Rev. Ed. 1983) § 44, p. 120.
The record in this case reveals no declaration by the Probate Court as to the estate's solvency, nor does the record reveal any application for such declaration. As this court must "indulge every presumption favoring jurisdiction" Ann Howard's Apricots Restaurant v. CHRO, supra,237 Conn. 221, the defendant's representation as to the estate's insolvency is inadequate to support its position that this Court is without subject matter jurisdiction.
Accordingly, the defendant's Motion to Dismiss is denied.
The defendant next argues that because this proceeding is a probate appeal regarding the admission of a will, the court lacks subject matter jurisdiction over the claim in paragraph five of the Reason for Appeal, which involves property not part of the probate estate. The defendants contend that if the entire Appeal is not dismissed, paragraph 5 of the Appeal should be dismissed for lack of subject matter jurisdiction. The plaintiffs claim that the real estate is properly an asset of the estate, and submits that the inventory filed with the Probate Court is inaccurate.
General Statutes § 45a-98 (a) provides, "Courts of probate in their respective districts shall have the power to . . . (3) except as provided in section 45a-98a or as limited by an applicable statute of limitations, determine title or rights of possession and use in and to any real, tangible or intangible properly that constitutes, or may constitute, all or part of any trust, any decedent's estate, . . . which trust or estate is subject to the jurisdiction of the Probate Court, including the rights and obligations of any beneficiary of the trust or estate and including the rights and obligations of any joint tenant with respect to survivorship property."
Furthermore, General Statutes § 45a-98a provides that "the Probate Court shall have jurisdiction under subdivision (3) or (4) of 45a-98 only if (1) the matter in dispute is not pending in another court of competent jurisdiction and (2) the Probate Court does not decline jurisdiction." There is nothing in the record of this case to indicate that the issue of title or CT Page 2668 right of possession to the subject property is pending in another court or that the Probate Court has declined jurisdiction. Therefore, the Probate Court as well as the Superior Court, have concurrent jurisdiction.
Accordingly, the defendant's motion to dismiss paragraph 5 of the plaintiffs' Reasons for Appeal is denied.
Carmen L. Lopez Judge of the Superior Court