CHRISTOPHER WILBURN, EXECUTOR (ESTATE OF JEAN A. GOOCH) *v.* MOUNT SINAI MEDICAL CENTER

MOUNT SINAI MEDICAL CENTER *v.* CHRISTOPHER WILBURN, EXECUTOR (ESTATE OF JEAN A. GOOCH) (2851)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued November 14, 1984—decision released February 19, 1985

*Scott F. Lewis,* with whom, on the brief, was *James T. Flaherty,* for the appellant (defendant in the first case, plaintiff in the second case).

*William O. Riiska,* for the appellee (plaintiff in the first case, defendant in the second case).

DALY, J. The plaintiff executor, Christopher Wilburn (hereinafter executor), appealed to the Superior Court from an order of the Litchfield Probate Court extending the time within which the defendant hospital, Mount Sinai Medical Center (hereinafter hospital), could present its claim against the estate. The hospital instituted a separate action against the executor in four counts for services rendered the executor's decedent. The first two counts of the complaint in that action claim $13,824.45, while the last two counts claim $17,750.64.

These cases were consolidated for trial. From the judgments rendered in favor of the executor in both cases, the hospital has filed a joint appeal.[1]

The trial court found the following facts: The executor's decedent was a patient at the hospital from June 15, 1978, until December 14, 1978. She was readmitted to the hospital on December 15, 1978, and remained there until her death on February 2, 1979. In March, 1979, the hospital mailed statements to the decedent's New York address showing a balance of $17,750.64 for the first stay and $13,824.45 for the final stay at the hospital. The decedent's son, Christopher Wilburn, received the statements.

On June 1, 1979, Wilburn became executor of the estate. The Litchfield Probate Court set the period of June 1, 1979, to September 1, 1979, for the filing of creditors' claims. On September 24, 1979, a claim for $13,824.45 was received by the executor, who rejected the claim in writing because the claims period had expired.

In June, 1980, the hospital petitioned the Probate Court for an extension of the claim period. On June 16, 1980, the Probate Court retroactively extended the period for the presentation of claims to the estate from September 1 to November 1, 1979. The executor again rejected the claim and appealed the Probate Court's order granting the extension of time. Thereafter, on November 13, 1980, the hospital instituted its action to recover the $13,824.45 and $17,750.64 for services rendered. The trial court ruled adversely to the hospital in both instances. In its brief on appeal, the hospital limited its claim to challenge only that portion of

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

the judgment pertaining to the third and fourth counts of its complaint relating to the first hospital stay amounting to $17,750.64.

The hospital claims in its appeal that the executor did not timely raise General Statutes § 45-213a as a special defense and, furthermore, that it was not applicable to the $17,750.64 charge.[2] The trial court allowed the executor to amend his special defense during the trial, setting forth the hospital's failure to comply with § 45-213a.

A trial court may allow, in its discretion, an amendment to pleadings before, during, or after trial to conform to the proof. Such a ruling can be reversed only on a clear showing of abuse of discretion. *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979).

Our courts have followed a liberal policy relative to permitting amendments to pleadings after the expiration of the time during which amendments may be filed as a matter of right. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial. The record does not show that the hospital moved for either a postponement of the trial or a delay to permit evidence concerning notice to be made on behalf of the hospital. We cannot say that the court abused its discretion by the

---

[2] General Statutes § 45-213a provides: "PROCEDURE WHEN FIDUCIARY IGNORES PRESENTED CLAIM. PERIOD OF LIMITATION. Any claimant who has presented his claim in accordance with sections 45-204b, 45-205 and 45-207 to 45-209, inclusive, who has not received written notice of the disallowance of his claim from the fiduciary, wholly or in part, within thirty days following the end of the limitation of time for presenting claims as set by the court of probate under section 45-205 or any extension thereof, may give written notice to the fiduciary that he intends to bring suit upon said claim within four months after the date of such notice. If such claimant fails to bring suit within four months from the date of such notice, such claimant shall be barred from commencing an action on his claim against the fiduciary. . . ."

ruling. Practice Book § 6; *Smith* v. *New Haven,* 144 Conn. 126, 132–33, 127 A.2d 829 (1956).

The hospital contends that although the $13,824.45 claim was unequivocally denied, there was no denial of the $17,750.64 claim and it therefore was not obligated to follow the procedure outlined in General Statutes § 45-213a. The hospital further relies on the statutory language *"may* give written notice" (Emphasis added.) as the basis for its contention that the statute is inapplicable.

The general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633 (1972). "The word 'may' when used in a statute is to be interpreted as mandatory rather than directory if the context of the statute permits it and it is necessary to do so in order to make the statute effective to carry out the legislative intent." Id., 530. The legislative intent is for the prompt settlement of estates. 2 Locke & Kohn, Connecticut Probate Practice § 504. Hence, "may" is mandatory for creditors within the context of General Statutes § 45-213a.

The written denial of the $13,824.45 claim required the hospital to comply with the provisions of General Statutes § 45-210 concerning the commencement of suit within a four month period following such a written denial. The inaction of the executor in response to the $17,750.64 claim required the hospital to comply with the provisions of General Statutes § 45-213a concerning notice of intent to sue and the commencement of suit within four months thereafter.

There is no error.

In this opinion the other judges concurred.