[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Does the court have subject matter jurisdiction over the plaintiff's claim?
FACTS
The plaintiff, Connecticut National Bank, brings suit against the estate of Fred Copeland to recover $234,432.78 allegedly owed by the decedent under the terms of certain promissory notes payable to the plaintiff. The parties do not dispute the following facts. The administratrix of the estate, Sandi Copeland, although not named in the suit, received notice of the plaintiff's claim via service upon Probate Judge Deborah M. Holcomb. See General Statutes Sec. 45a-358 (b) (if estate's fiduciary resides outside Connecticut, claims may be filed with probate judge in district where estate is being settled).
The decedent died on July 6, 1990. Judge Holcomb received the plaintiff's claim by letter dated October 25, 1990. Additionally, the plaintiff sent a second letter to the administratrix on December 28, 1990, reminding her of the outstanding claim. The administratrix has not taken any action regarding the claim.
On December 13, 1991, the probate court, Holcomb, J., received service of process for the present CT Page 3289 suit in the form of a complaint and an application for a prejudgment remedy. The administratrix moves to dismiss the complaint, arguing that the court lacks subject matter jurisdiction. Both parties have filed a memorandum of law and argued the matter at short calendar before Austin, J., on February 18, 1992.
DISCUSSION
The motion to dismiss is the proper vehicle with which to challenge the court's subject matter jurisdiction. Practice Book Sec. 143(1).
In support of the motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction because (1) proceedings involving the estate are pending in probate court and (2) the administratrix is not named in the suit as a defendant. The plaintiff counters that (1) the suit is proper because the plaintiff's claim to the administratrix is deemed to have been rejected because more than sixteen months have passed since the claim was made and (2) the administratrix was properly served.
It is found that the court lacks subject matter jurisdiction over the cause of action, but for a different reason than those argued by the defendant. General Statutes Sec. 45a-363 authorizes persons whose claims have been rejected by an administratrix to file suit in superior court within 120 days of the rejection. It is further found that the plaintiff's claim is deemed to have been rejected on February 25, 1991, which was 120 days after the claim was presented to the probate judge. See Sec. 45a-358 (e)(3). The plaintiff's prejudgment remedy application and complaint are dated November 15, 1991, and the return date was January 21, 1992. It is found that the plaintiff commenced suit after June 25, 1991, which was the end of the 120 day period after the rejection.
"Unless a person whose claim has been rejected (1) commences suit within one hundred-twenty days from the date of the rejection of his claim. . . he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected." (Emphasis added.) General Statutes Sec. 45a-363 (b).
In construing a similar statute, the appellate court said, "[t]he general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be CT Page 3290 met in order to provide a court with jurisdiction to hear the cause of action." Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 284, 288, 487 A.2d 568 (1985).
By way of recapitulation therefore, date of death July 6, 1990, claim filed with Probate Court pursuant to Sec. 45a-358 (b) on October 25, 1990, subsequent letter to Probate Court re: claim on December 28, 1990, claim deemed to have been rejected on February 25, 1991 pursuant to Sec.45a-360 (c), suit commenced December 13, 1991 P.J.R. return date January 21, 1992.
It is found that the plaintiff is time-barred from seeking recovery on the promissory notes, thus depriving the court of subject matter jurisdiction.
CONCLUSION
The court, having found that it lacks subject matter jurisdiction, hereby grants the defendant's motion to dismiss, and it is so ordered.
BY THE COURT AUSTIN, JUDGE