[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REARGUMENT AND RECONSIDERATION, #113
ISSUE
Whether the court should grant the plaintiff's motion to reopen the judgment rendered on the court's memorandum of decision on the defendant's motion to dismiss.
FACTS
The facts of this case are reported in the court's previous memorandum of decision #111, and reference is made thereto. Pursuant to the court's memorandum of decision, the court dismissed this action on the ground that the court was without subject matter jurisdiction to hear the action. The plaintiff now asks the court to reopen the judgment rendered on this memorandum of decision.[1]
DISCUSSION
 The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book Sec. 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. [Citations omitted.]
Hirtle v. Hirtle, 217 Conn. 394, 398, 586 A.2d 578 (1991) (footnote omitted).
 Practice Book Sec. 326 provides, in relevant part: "SETTING ASIDE OR OPENING JUDGMENTS. Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which it was rendered CT Page 5221 or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court."
 General Statutes Sec. 52-212a is virtually identical in language to Practice Book Sec. 326.
Id., 398 n. 4.
 "It is well recognized that `[t]he opening. . . of a judgment. . . is at the legal discretion of the court. Tyler v. Aspinwall, 73 Conn. 493, 47 A. 755 [1901]. . . . [I]t "is not to be granted readily, nor without strong reasons". . . . Wildman v. Wildman, 72 Conn. 262, 270. 44 A. 244 [1989].' McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, 167, 140 A. 114 (1927). `The motion should not be granted merely to allow the court to reconsider its decisions on the facts and its exercise of discretion. The motion should indicate that the moving party is prepared to introduce some new matter not before the court at the time of its original decision.' 2 Stephenson, Conn. Civ. Proc. (2d Ed.) Sec. 207, p. 863; see Felton v. Felton, 123 Conn. 564, 569, 196 A. 791 (1938)." F W Welding Services, Inc. v. Pen-Smith, Inc., 38 Conn. Sup. 455, 458-59, 451 A.2d 286
([App. Sess.] 1982).
Breen v. Breen, 18 Conn. App. 166, 172, 557 A.2d 140 (1989).
The plaintiff's motion to reopen is based on two grounds. First, the plaintiffs argue that the court acted improperly in granting the defendant's motion to dismiss on grounds other than those alleged. Because the court may raise the issue of subject matter jurisdiction on its own motion; Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989) (citations omitted); it is not improper for a court to dismiss an action for lack of subject matter jurisdiction on grounds other than those alleged by the parties.
The plaintiff also argues that the court misinterpreted the relevant statutes. The plaintiff argues that according to General Statutes Sec. 45a-360, a claim is not rejected until CT Page 5222 the administrator formally disallows the claim in writing. The plaintiff also argues that the court misinterpreted General Statutes Sec. 45a-360(c), which provides:
 If the fiduciary fails to reject, allow or pay the claim within ninety days from the date that it was presented to the fiduciary as provided by section 45a-358, the claimant may give notice to the fiduciary to act upon the claim as provided by subsection (a) of this section. If the fiduciary fails to reject, allow or pay the claim within thirty days from the date of such notice, the claim shall be deemed to have been rejected on the expiration of such thirty-day period.
The plaintiff argues that this statute provides a means for a claimant to force the fiduciary to act on a claim and that it does not provide for automatic expiration of claims. The plaintiff also notes that pursuant to General Statutes Sec.45a-358(1) a fiduciary may require additional proof of a claim, in such a case, the claimant may supply additional proof rather than forcing the fiduciary to reject the claim. The plaintiff concludes that its claim is not barred by General Statutes Sec. 45a-363 because its claim had not been denied until the defendant issued a Disallowance of Claim on March 20, 1992. The plaintiff states that if the court reopens the judgment of dismissal, it will withdraw the present action and proceed with a subsequent action it filed on May 19, 1992.
The court believes its prior analysis of the relevant statutes was correct. Although General Statutes Sec. 45a-360(c) states that "the claimant may given notice to the fiduciary to act upon the claim" a similar provision in an analogous statutes has been held to impose a mandatory duty on a decedent's claimant. See Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 284, 288, 487 A.2d 568 (1985) (interpreting General Statutes (Rev. to 1979) Sec. 45-123a, now General Statutes Sec. 45a-400). The legislative intent which supports a strict interpretation of time limitations contained within probate statutes is the prompt settlement of estates. Id. Thus, General Statutes Sec. 45a-360(c) required the plaintiff to file a notice with the fiduciary upon the expiration of ninety days after receipt of the claim by the fiduciary.[2] If neither the fiduciary nor the claimant act after the claim is received by the fiduciary, the claim is deemed rejected pursuant to General Statutes Sec. 45a-360(c) on the expiration of one hundred and twenty days after the CT Page 5223 claim is received by the fiduciary.[3] The suit of a claimant who fails to file suit within one hundred and twenty days after the claim is rejected is barred. General Statutes Sec. 45a-363(b). Accordingly, the plaintiff's suit was barred long before this action was commenced.[4]
CONCLUSION
The court denies the plaintiff's motion to reopen because the plaintiff has not supplied any strong reason or new matter which would warrant this court reopening its judgment.
AUSTIN, JUDGE