[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #110
Palmesi, Kaufman, Portanora Goldstein for plaintiff.
Mihaly Kascak for defendant.
Plaintiff Joyce Blewett alleges that she entered into a contract with Rose Petrokubi pursuant to which she provided Petrokubi with personal services in exchange for Petrokubi's promise to bequeath Blewett one half of the value of her house in Stratford. Petrokubi died on January 31, 1993, leaving a will in which she bequeathed to the plaintiff only $1,000. On March 10, 1993, the plaintiff's attorney wrote to the executor of the estate making demand for payment of the value of one half of the real estate. On April 2, 1993, the plaintiff filed a two count complaint in superior court against Petrokubi's estate ("the defendant") based on breach of contract (count one) and unjust enrichment (count two). On June 2, 1994, the defendant filed a motion to dismiss based on lack of subject matter jurisdiction. On July 1, 1994, the plaintiff filed an objection to the motion to dismiss as well as a supporting memorandum of law.
"Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong." Cross v. Hudon, 27 Conn. App. 729, 732,609 A.2d 1021 (1992). "A motion to dismiss is the appropriate vehicle for challenging the [subject matter] jurisdiction of the court." Zizkav. Water Pollution Control Auth., 195 Conn. 682, 687, 490 A.2d 509
(1985).
In its memorandum of law in support of the motion to dismiss, the defendant argues that, with respect to count one of the complaint, the plaintiff failed to comply with General Statutes § 45a-363 by filing her complaint before the executor rejected her claim. Further, the defendant argues that since the plaintiff never made a demand on the executor based on unjust enrichment, she failed to comply with General Statutes § 45a-358, which requires that the estate fiduciary be presented with claims in writing. The defendant argues that the statutory scheme for the making and settling of claims on an estate is in derogation of common law and therefore strictly construed. Accordingly, the defendant argues, failure by the plaintiff to adhere to the statute deprives the court of subject matter jurisdiction over the plaintiff's CT Page 7909 complaint.
In opposition to the motion to dismiss, the plaintiff argues that her claim was properly presented in writing to the fiduciary and therefore complies with § 45a-358. The plaintiff contends that since the claim was eventually rejected by the defendant, the court has subject matter jurisdiction. According to the plaintiff, the purpose of the statute is to facilitate speedy resolutions of estates. In this case, the plaintiff points out, the commencement of the action before rejection does not hinder this purpose since the claim was ultimately rejected.
General Statutes § 45a-353 et seq., sets out the procedures for making claims against decedents' estates. Once a fiduciary has been named by the probate court to administer the estate, claimants have 150 days within which to present their claims.[1] General Statutes § 45a-356. Pursuant to § 45a-360(c), if the fiduciary fails to allow, reject or pay a claim within 90 days, the claimant may give notice to the fiduciary to act on the claim and the fiduciary will have 30 days to do so or the claim will be deemed rejected. Section 45a-363(a) specifically provides: "No person who haspresented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in section 45a-360. This section also provides the date by which a claimant must commence suit once a claim has been rejected. General Statutes § 45a-363(b).
In the present case, the plaintiff filed her complaint in superior court before the executor explicitly rejected her claim. In addition, insufficient time had elapsed for the claim to be deemed rejected. The issue therefore is whether the court has subject matter jurisdiction over a complaint based on a claim against an estate where the claim was not rejected at the time the action commenced.
The plain language of the statute argues against the plaintiff's position since it explicitly bars a complaint based on a presented claim "unless and until" it has been rejected under § 45a-360. In addition, although research has revealed no case in which a Connecticut court has directly addressed this issue, one court, interpreting § 45a-360(c) in conjunction with § 45a-363(a) noted that: "As Connecticut General Statutes § 45a-363(a) requiresa rejection of the claim before suit may be instituted, Connecticut General Statutes § 45a-360(c) gives a claimant a mechanism to have a claim deemed rejected where the fiduciary refuses or neglects to CT Page 7910 act." (Emphasis added.) Hartford Accident Indemnity Co. v.Doyle, 7 Conn. L. Rptr. 490 (November 16, 1992, Spear, J.). Further, "[t]he general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action."Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 284, 288,487 A.2d 568 (1985). See also 34 C.J.S. Executors and Administrators, § 729 (where statute protects personal representative from suit for a designated period, a court lacks jurisdiction over an action brought before the expiration of the statutory period).
Consequently, based on the clear language of the statute and the strict interpretation generally given by the court to statutes that limit the right to bring an action against an estate, the present action is not properly before the court. Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.
MAIOCCO, J.