[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES (#127)
The plaintiff is an unsecured creditor of the Estate of F. Francis D'Addario. The defendant Trumbull Probate Court has jurisdiction over the estate of F. Francis D'Addario, who was a resident of Trumbull, Connecticut when he died in 1986. The late Mr. D'Addario was an entrepreneur and businessman who had very extensive real estate and business holdings. The estate also has substantial debts. Evidently, the scope of the estate has delayed its settlement, which to date is still pending.
Frustrated with the delay in settling its claim and settling the estate as a whole, the plaintiff[1] on October 9, 1997 filed a "Motion for Order" seeking the removal of the co-executors of the estate (two sons and a close friend of the decedent), in addition to other relief. The Trumbull Probate Court heard the motion on April 29, 1998, and denied the relief sought. The plaintiff has appealed that decision to this court. CT Page 6150
In response to the appeal, the co-executors of the estate (David D'Addario, Lawrence D'Addario and Albert F. Paolino) filed an answer and asserted eight special defenses: that the plaintiff's claim is time barred because it failed to present the claim against the estate within the time permitted by law (first special defense); that the plaintiff's claim is barred by General Statutes § 45a-400 because the plaintiff failed to give proper notice or bring suit on its claim in a timely manner (second special defense); that the plaintiff's claim is time barred by General Statutes § 42a-3-118 because the plaintiff failed to commence suit on the note on or before March 8, 1995, six years after the date of the last demand (third special defense); that the plaintiff cannot prove the validity of its debt (fourth special defense); that the plaintiff's claim for relief is barred by the doctrine of unclean hands, bad faith and/or violation of the covenant of good faith and fair dealing (fifth special defense); that the plaintiff cannot prove that it is entitled to the relief it seeks under the Connecticut Probate Code (sixth special defense); that the plaintiff waived the right to seek the relief requested by failing to assert a claim in the probate court within three years of the date of its purchase of the note (seventh special defense); and that the plaintiff is estopped from seeking to have the co-executors removed (eighth special defense). Before the court is plaintiff's motion to strike all of these special defenses.
A motion to strike is an appropriate vehicle to challenge the legal sufficiency of a special defense. Practice Book § 10-39; Duran v.Waterbury Parking Authority, 35 Conn. Sup. 280, 281, 408 A.2d 277 (1979).
With the exception of the second special defense, all of the special defenses asserted by the defendants challenge the jurisdiction of this court to entertain the appeal, based upon the plaintiff's lack of aggrievement. Specifically addressing an appeal of a probate court order, the Connecticut Supreme Court in Lenge v. Goldfarb, 169 Conn. 218,363 A.2d 110 (1975), held that when an appeal is taken from the probate court to the superior court, "[t]he matter of aggrievement goes to the jurisdiction of the Superior Court. . . . Unless the plaintiffs are persons actually aggrieved by the order or decree, the Superior Court has no jurisdiction over the subject matter of the appeal. . . . If the plaintiff is not an aggrieved party, the appeal is void. . . ." (Citations omitted.) Lenge v. Goldfarb, supra, 169 Conn. 220-21.
Connecticut law also provides that an appeal from a probate court order entitles the parties to de novo review. Kerin v. Stangle,209 Conn. 260, 550 A.2d 1069 (1988). The Kerin court reviewed the superior court's role in hearing appeals from probate court orders, holding in pertinent part that "[t]he function of the superior court in appeals from probate court is to take jurisdiction of the order or CT Page 6151 decree appealed from and to try that issue de novo. . . . Thereafter, upon consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original proposition, unfettered by and ignoring the result reached in the probate court. . . ." (Citations omitted; internal quotation marks omitted.) Kerin v. Stangle, supra,209 Conn. 263-65.
The plaintiff apparently seeks by its motion to strike some assurance that the probate court's order will be reviewed on appeal without any determination by this court as to the validity of its claim against the estate. Whether the plaintiff has a valid claim is, however, a proper subject for de novo review in the superior court. Accordingly, the motion to strike the first, third, fourth, fifth, sixth, seventh, and eighth special defenses is denied.
By their second special defense, the defendants seek to bar the plaintiff's claim by relying on the statutory requirement of notice to the fiduciary of a claimant's intention to bring suit, which notice must be followed by initiation of suit within four months from the date of the notice. In addition to General Statutes § 45a-400, the defendants also rely upon Wilburn v. Mt. Sinai Medical Center,3 Conn. App. 284, 487 A.2d 568 (1985), holding in pertinent part that the four month period in which suit must be brought is triggered by the notice of intention to file suit. Wilburn v. Mt. Sinai Medical Center,
supra, 3 Conn. App. 288. These authorities are clearly distinguishable from the facts of this case. The plaintiff's claim has not been disallowed by the estate, the plaintiff has not given written notice to the fiduciaries of any intention to file suit on its claim, nor is this case a suit on a claim that the plaintiff has against the estate. Accordingly, the statute and the case law relied upon by the defendants in support of their second special defense-are inapplicable in this case. The motion to strike the second special defense is granted.
For the above reasons, the motion to strike special defenses is granted as to the second special defense and denied as to all other special defenses pleaded by the defendants.
McWeeny, J.