The defendants have appealed from a judgment awarding the plaintiff insurer a sum equal to that paid to the defendants by another insurer for a loss incurred in a fire for which the plaintiffs had also compensated the defendants. The facts as found by the trial court are as follows: The plaintiff insurance company insured the defendants against loss by fire to their home. On July 1, 1974, a fire occurred when an employee of Action Carpentry, who was installing *Page 589 
a new countertop in the defendants' kitchen, allowed a container of volatile adhesive to ignite, causing considerable property damage.
The plaintiff paid the defendants the total sum of $6406.12 in installments over a three-month period as they submitted bills for repairs and outside living expenses. The last payment was made on September 9, 1974. On the same day the defendant Henry Chung received a draft in the amount of $4447 from Aetna Casualty Co. (hereinafter Aetna) for the property damage caused by its insured, Action Carpentry, which draft he cashed. No part of this payment was for personal injuries to Henry Chung or his wife, the codefendant. When the plaintiff paid the defendants, it did not require proof of loss, nor did it seek to obtain an assignment of their right of recovery in accordance with the provisions of the insurance policy.
Within the month following its last payment to the defendants, the plaintiff, in pursuing its subrogation claim against the contractor, was informed by Aetna of its payment to the defendants. The plaintiff then made demand upon the defendants for the payment made to them by Aetna. On October 11, 1974, Henry Chung agreed to repay the plaintiff the sum of $4447 in monthly installments of $370.58, but upon his failure to do so this suit was instituted. The case was tried to the court and judgment was rendered for the plaintiff in the amount of $4447. The defendants have appealed from this judgment claiming four errors.
First, the defendants contend that the plaintiff had no absolute right of subrogation under the terms of the policy and that its actions constituted a waiver of any rights it may have had. Second, they claim that the plaintiff was barred from maintaining this action because it was not brought within one year of the date of the loss. Third, the defendants submit that the trial court erred in admitting evidence that the defendant *Page 590 
Henry Chung promised to repay the amount in controversy, since no such agreement was pleaded. Finally, the defendants argue that the trial court should not have found that the defendant Henry Chung was unjustly enriched, since that claim also was not pleaded.
 I
The trial court concluded that in collecting the draft for $4447 issued to him by Aetna, Henry Chung destroyed the plaintiff's right to a subrogation claim by releasing Aetna from liability. This conclusion has not been attacked on appeal. The defendants claim, however, that the plaintiff waived its subrogation rights by failing to require an assignment of the claim against the contractor at the time the defendants were paid for their fire loss. They contrast the use of the word "shall" in certain automobile policies to the term "may" in the Connecticut standard fire policy used in this case. They maintain that the former is mandatory while the latter is only permissive, and therefore, that no absolute right of subrogation was conferred upon the plaintiff. The defendants argue that this subrogation clause gave the plaintiff only an option which it could waive.
The defendants fail to carry their argument beyond this point. They assume that because the plaintiff's subrogation rights may be waived, they have been waived and that the plaintiff therefore has no right to seek recovery from the defendants. We do not agree with this proposition.
It is from the very nature of a contract of insurance as a contract of indemnity that the insurer, upon paying to the insured the amount of a loss, total or partial, becomes, without any formal assignment or any express stipulation to that effect in the policy, subrogated in a corresponding amount to the insured's right of action against the person responsible *Page 591 
for the loss. Liverpool Great Western Steam Co. v. Phenix Ins. Co., 129 U.S. 397, 462,9 S.Ct. 469, 32 L.Ed. 788 (1889).
Waiver is the intentional relinquishment of a known right. Waiver is a fact or conclusion from facts. Flaxman v. Capitol City Press, Inc.,121 Conn. 423, 430, 185 A. 417 (1936). The individual conduct of both parties is relevant in determining whether a waiver has occurred. Snow v. Calise,174 Conn. 567, 573, 392 A.2d 440 (1978). Thus, the only question we are concerned with is whether the plaintiff's conduct subsequent to its acquisition of subrogation rights against Aetna constituted the intentional relinquishment of a known right.
It appears from the facts found by the trial court that the plaintiff did not abandon its subrogation rights, but rather pursued them, first against Aetna, and then against the defendants when it discovered that Aetna had already paid the defendants. Testimony showed that barely a month had passed between the date on which the plaintiff made its final payment and the date on which the defendants agreed to repay to the plaintiff the $4447 received from Aetna.
It is true that the plaintiff did not require a subrogation agreement of the defendants. When it contacted Aetna, however, it learned that its right to a subrogation claim had been destroyed. The plaintiff's failure to perform the futile act of obtaining a written assignment when it would avail the plaintiff nothing cannot be expanded to the equivalent of a waiver of the right to subrogation.
The trial court concluded that the plaintiff did not waive its subrogation right. The conclusions of the court are tested by the facts found and all reasonable inferences that may be drawn therefrom. Reliance Ins. Co. v. Commission on Human Rights *Page 592 
Opportunities, 172 Conn. 485, 491, 374 A.2d 1104
(1977). They will not be found to be erroneous unless they violate law, logic or reason, or are inconsistent with the subordinate facts. Bell v. Planning Zoning Commission, 174 Conn. 493, 496,391 A.2d 154 (1978). Since the only relevant facts point to the plaintiff's active pursuit of that right, the trial judge was correct in concluding that the plaintiff did not waive that right.
 II
the defendants' next contention, i.e., that the action is barred because it was not instituted within one year of the date of the loss, is without merit. The policy's one-year limitation for a suit "on the policy" does not apply to the insurer's assertion of its subrogation rights. These rights arise out of the nature of the contract as a contract of indemnity. St. Louis, Iron Mountain Southern R. Co. v. Commercial Union Ins. Co., 139 U.S. 223, 235,11 S.Ct. 554, 35 L.Ed. 154 (1891). The right of legal subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. 83 C.J.S., Subrogation 2(b). Thus, the limitation of actions clause contained in the policy cannot affect the plaintiff's ability to maintain this action; it is concerned solely with the right of the insured to sue the insuring company within twelve months in case of an alleged default by the insurer. Chichester v. New Hampshire Fire Ins. Co., 74 Conn. 510, 51 A. 545
(1902); Sacks Realty Co. v. Newark Ins. Co.,34 Conn. Sup. 564, 377 A.2d 858 (1976).
 III
The defendants next claim that it was error to admit the testimony of the plaintiff's employee to the effect that the defendant Henry Chung agreed to repay the amount he received from Aetna. The court *Page 593 
admitted the testimony, stating that it was relevant to the sixth paragraph of the plaintiff's complaint which alleged a demand for payment which was refused or not complied with due to the defendants' neglect. The defendants argue that the agreement was not relevant because an agreement to repay is not a demand, and that an agreement to repay was not pleaded.
Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. "One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other certain or more probable." Federated Department Stores, Inc. v. Board of Tax Review, 162 Conn. 77, 82,291 A.2d 715 (1971). "No precise and universal test is furnished by the law, and the question must be determined in each case according to the teachings of reason and judicial experience." Id., 83. The trial court has broad discretion in determining the relevancy of evidence. State v. Schaffer,168 Conn. 309, 317, 362 A.2d 893 (1975). In this case the fact in question was relevant, not only to the issue of the demand, but also to the issue of whether the plaintiff's conduct constituted a waiver of its subrogation rights. The trial judge was correct in admitting this testimony into evidence.
 IV
Finally, the defendants urge reversal claiming that the trial judge decided the case on the ground of unjust enrichment when no such ground of recovery had been pleaded.
The defendants' objection gives rise to two considerations: (a) whether the doctrine of unjust enrichment applies; and (b) whether the defendants were sufficiently apprised that the doctrine was involved. *Page 594 
 A
A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Franks v. Lockwood, 146 Conn. 273, 278,150 A.2d 215 (1959).
"Unjust enrichment applies `whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract.' 5 Williston, Contracts (Rev. Ed.) 1479." Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242,246, 287 A.2d 379 (1971); Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564, 224 A.2d 404 (1968).
The gravamen of the plaintiff's case is that the defendants converted to their own benefit a right which properly belonged to the plaintiff, i.e., the right of subrogation.
Subrogation is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by one who in good conscience ought to pay it. It is the machinery by which the equity of one man is worked out through the legal rights of another. Ballentine, Law Dictionary (3d Ed.). Subrogation is a remedy which equity gives to aid in the enforcement of a legal or equitable right. Homeowners' Loan Corporation v. Sears, Roebuck 
Co., 123 Conn. 232, 193 A.2d 769 (1937). The right here involved was the right to collect the proceeds of the Aetna policy.
Since subrogation is not a remedy on the contract, but rather one given because of an inequity arising out of a contract, unjust enrichment is an appropriate doctrine to apply. *Page 595 
 B
The basis of the plaintiff's complaint is that the defendants converted to their own benefit a right which properly belonged to the plaintiff, and since the basis of the doctrine of unjust enrichment is that it is contrary to equity and good conscience for one to retain a benefit at the expense of another; Franks v. Lockwood, supra; the complaint sufficiently apprised the defendants that the principle of unjust enrichment was involved. It is, after all, the facts alleged which determine the cause of action, and not the nomenclature employed. See Practice Book 108, 109. The defendants' claim of a fatal variance between the allegations of the complaint and the grounds of the decision cannot be sustained. A variance must be material and in some way essential to the cause of action to be given any such significance. Schaller v. Roadside Inn, Inc., 154 Conn. 61, 65,221 A.2d 263 (1966).
The trial judge concluded that none of the payments were for injuries incurred by the defendant Lisa Chung, but that they amounted to duplicate payments for the same property damage. This is not challenged on appeal. The court was correct, therefore, in holding that the defendants were unjustly enriched, and in ordering them to repay the plaintiff the amount they wrongly converted to their own use in contravention of the plaintiff's rights.
 There is no error.
In this opinion SHEA and BIELUCH, Js., concurred.