[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO REVISED COMPLAINT (#128)
The plaintiffs, Victor M. Holloway III, Jacqueline Holloway and Victor M. Holloway, Jr., brought this medical malpractice action against the defendants, William P. CT Page 1636 Silberberg, M.D., and Pediatric Adolescent Health Care, P.C.
The following facts are alleged in the plaintiffs' original four count complaint, filed June 1, 1989. Victor M. Holloway III is the minor child of Jacqueline and Victor M. Holloway, Jr. The minor child became ill and his mother took him to the defendants for treatment. The defendants misdiagnosed the child and, as a result, the minor child became more ill, until he was properly diagnosed and treated by another physician. The original complaint sounded in negligence.
The plaintiffs filed an amended complaint on January 22, 1990. The parties agreed that the defendants' motion to strike two of the four counts and the claim for punitive damages should be granted. Thereafter, plaintiff filed a two count revised complaint on May 9, 1990. Each count sounds in negligence; however, each count concludes with a separate paragraph which states: "The foregoing facts demonstrate a reckless indifference to the rights of others". The prayer for relief in the revised complaint seeks punitive and exemplary damages. On May 18, 1990, the defendant filed an objection to the revised complaint.
"The motion to amend is addressed to the trial court's discretion." Beckman v. Jalich Homes, Inc., 190 Conn. 299,303 (1983). "Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id. at 302-03, Connecticut Practice Book section 176.
The defendants argue, in their memorandum of law, that "common law does not recognize a cause of action for reckless indifference in a medical malpractice action." The defendants also argue that the claim for reckless indifference is a new cause of action which does not relate back to the original complaint. The defendants argue that the statute of limitations for this new cause of action has run.
 An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. A cause of action must arise from a single group of facts. The test for determining whether or not a new cause of action has been alleged is somewhat nebulous. To relate back to the institution of the action the amendment must arise from a single group of facts. A cause of action is that single group of facts CT Page 1637 which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. An amendment may properly expand or amplify what had originally been alleged in support of the cause of action. A change in the allegations of liability, therefore, does not necessarily amount to the introduction of a new cause of action. Where an entirely new and different factual situation is presented, however, a new and different cause of action is stated.
Jonap v. Silver, 1 Conn. App. 550, 555-56 (1984) (citations omitted); see also Keenan v. Yale New Haven Hospital,167 Conn. 284, 285 (1974); Sharp v. Mitchell, 209 Conn. 59, 71
(1988).
In the present case, the plaintiffs have set forth a cause of action in negligence in each of the two counts of the revised complaint, which relates back to the original complaint. Although the plaintiffs conclude each count by alleging that the "facts demonstrate a reckless indifference to the rights of others", this allegation is insufficient to transform the action into one of recklessness.
Addressing a similar situation, the Connecticut Supreme Court in Kostiuk v. Queally, 159 Conn. 91, 94 (1970) stated:
 We do not think that such a brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence, is sufficient to raise a claim of reckless and wanton misconduct. Simply using the word `reckless' or `recklessness' is not enough. (citations omitted)
The facts alleged determine the cause of action, not the nomenclature employed. Hartford Accident Indemnity Co. v. Chung, 37 Conn. Sup. 587, 595 (App. Sess. 1981). In the present action, the facts alleged in each count of the revised complaint clearly sound in negligence. Although, the defendant may have other remedies to the recklessness allegation, Rowe v. Godou, 209 Conn. 273, 279 (1988), the objection to the revised complaint must fail. CT Page 1638
For the foregoing reasons, the defendant's objection to the revised complaint is denied.
So ordered.
HARTMERE, J.