[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries arising out of an automobile accident occurring on September 17, 1987, in four counts, counts one and two claiming liability under C.G.S. Sec.30-102, the Dram Shop Act.
On February 27, 1991, defendants moved for summary judgment on counts one and two, subsequently withdrawing their claim as to count one.
In count two of the Revised Complaint dated April 17, 1989, the plaintiff alleges that the defendants, Gerald Ouimette and Kar, Inc., recklessly and wantonly sold alcoholic liquor to the decedent operator Steven Carsno while he was intoxicated, and that plaintiff's injuries were caused by such reckless and wanton misconduct.
A motion for summary judgment is an appropriate vehicle for challenging the legal sufficiency of the pleadings once the pleadings have been closed. Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409 (1971); McCabe v. City of Ansonia, 2 CTLR 56 (Aug. 6, 1990, Fuller, J. Super. Ct.); C.P.B. Sec. 384.
The Defendants claim that plaintiff in count two has merely pleaded conclusions of law, without alleging facts to support plaintiff's reckless and wanton claim.
Plaintiff maintains [in his opposing memorandum] that the allegation that defendants served alcoholic liquor to the already intoxicated decedent operator is, standing alone, sufficient to support a reckless and wanton allegation.
"Wanton and reckless conduct requires the conscious choice of a course of action either with knowledge of the serious danger to others . . . or with knowledge of facts that would disclose the danger to any reasonable man." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45 (1985). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim . . . [the plaintiff] must allege some duty running from the defendant to the plaintiff." Id. at 46. The pleading should be such as fairly to apprise the adverse party of the state of the facts which it is intended to prove. C.P.B. Sec. 109. "It is, after all, the facts alleged which determine the cause of action, not the nomenclature employed." Hartford Accident and Indemnity Co. v. Chung, CT Page 572137 Conn. Sup. 587, 595 (1981).
Taking the facts as alleged by plaintiff to be true, the plaintiff has failed to sufficiently allege reckless and wanton misconduct in court two of his revised complaint. He has alleged neither knowledge nor duty as required in Sheiman, nor given any indication of the facts he intends to prove pursuant to C.P.B. Sec. 109.
Since there appears to be no genuine issue of material fact, the motion for summary judgment as to count two is granted.
WAGNER, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 5726