[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS #102
The plaintiff Hartford Accident Indemnity Co. ("Hartford Accident"), as assignee of Lafayette Bank Trust Company ("Lafayette Bank"), brings this action against John M. Doyle, executor of the estate of Carole M. Doyle, for monies allegedly owing to the plaintiff arising out of the payment of a fidelity by the plaintiff to Lafayette Bank. A fidelity bond covers employers for loss due to embezzlement, larceny, or gross negligence by employees. Black's Law Dictionary 162 (5th ed. 1979).
By amended complaint dated April 4, 1991 the plaintiff asserts as follows: While employed by Lafayette Bank, Carole Doyle converted substantial sums of money belonging to the bank to her own use; Carole Doyle died on December 14, 1988 and John M. Doyle, the defendant herein, was appointed executor of the estate; the plaintiff, pursuant to a fidelity bond, paid to Lafayette Bank the sum of $433,158.81 in exchange for which it received an assignment of Lafayette's rights and claims against the estate of Carole Doyle; on March 23, 1989 Lafayette Bank filed a claim against the estate for the approximate amount of $865,000; said claim was not acted upon, and on April 23, 1991 the plaintiff requested that action be taken on its claim pursuant to state statute; the plaintiff is still owed the sum of $433,158.81 from the estate.
The present action was commenced on July 3, 1990. The defendant moved to dismiss the action on August 21, 1990 on two grounds: (1) lack of personal jurisdiction; and (2) lack of subject matter jurisdiction. The matter of personal jurisdiction was apparently disposed of by Judge Nigro on CT Page 7326 October 22, 1990.[1] The defendant moved the court to reargue its motion to dismiss to address the issue of subject matter jurisdiction.
The motion to dismiss is the proper motion for asserting the court's lack of jurisdiction over the subject matter of an action. Practice Book 143; Upson v. State, 190 Conn. 622,624-25 n. 4, 461 A.2d 1991 (1983). "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988) (citations omitted).
Lack of standing to bring suit goes to the court's subject matter jurisdiction and is properly raised in a motion to dismiss. Nania v. Borges, 41 Conn. Sup. 90, 93, 551 A.2d 781
(1988, Spada, J.). See also Middletown v. Hartford Electric Light Co., 192 Conn. 591, 595, 473 A.2d 787 (1984) (standing has jurisdictional implications); Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 307, 571 A.2d 715 (1989) (standing is component of subject matter jurisdiction).
Limitations periods can go to a court's subject matter jurisdiction as well. "The general rule is that where the right of action exists independently of the statute in which the limitation is found,. . . [the] bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. . . ." Travelers Indemnity Co. v. Rubin, 209 Conn. 437,445-46, 551 A.2d 1220 (1988) (citations omitted). Where, however, the statute establishing the right of action contains a limitations period, the right to commence the action is lost unless brought within the prescribed period. Id. In the latter instance the limitations bar is considered substantive and will deprive the court of subject matter jurisdiction. Id.; Wilburn v. Mount Sinai Medical Center, 3 Conn. App. 284, 288,487 A.2d 568 (1985). See also E. Stephenson, 3 Connecticut Civil Procedure, 325 [c] at 108-10 (1978). Further, where a cause of action is purely statutory, any notice requirements set forth in the statute are mandatory, and failure to give notice in compliance therewith deprives the court of subject matter jurisdiction. Dugan v. Milledge, 196 Conn. 591, 595,494 A.2d 1203 (1985). See also Wilburn, supra.
The defendant herein seeks to dismiss plaintiff's cause of action on five grounds as follows: (1) the plaintiff did not file a claim with the estate as required by General Statutes 45-230g (transferred in 1991 to 45a-358); (2) if a claim was filed with the estate, it was filed improperly in violation of CT Page 7327 General Statutes 45-230g(a) and (d) (transferred in 1991 to45a-358 (a) and (d); (3) this action was not timely filed in violation of General Statutes 45-2301 (b) (transferred in 1991 to45a-363 (b)); (4) an improper notice to fiduciary was filed in violation of General Statutes 45-230i(c) (transferred in 1991 to 45a-360 (c)); and (5) the lawsuit and notice to fiduciary are untimely in violation of General Statutes 45-230i(c) (now45a-360 (c)).[2] Each will be addressed separately.
 I
Defendant's first ground for dismissal is that plaintiff never presented a written claim to the fiduciary as required by statute, but rather is relying on the claim filed on March 23, 1989 by Lafayette Bank. Defendant essentially argues that plaintiff has no standing to initiate this action since one creditor cannot rely on a claim filed by another.
In paragraph "8" of its amended complaint, the plaintiff alleges that Lafayette Bank assigned all rights and claims against the estate of Carole Doyle to the plaintiff in December 1989 and December 1990. The December 1989 agreement between plaintiff and Lafayette Bank states: "In consideration for such partial claim payment, Lafayette agrees to assign its rights, interest and causes of action against the Estate of Carole Doyle. . . ." See Defendant's Motion to Dismiss. Exhibit "C", paragraph "2".
General Statutes 52-118 states as follows:
 The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name. Such a plaintiff shall allege in his complaint that he is the actual bona fide owner of the chose in action, and set forth when and how he acquired title.
See also Practice book 190 which contains identical language. A right to the payment of money is "a validly assignable chose in action." Bouchard v. People's Bank, 219 Conn. 465, 472,594 A.2d 1 (1991). Bouchard holds that 52-118 requires only that the plaintiff "`allege the facts necessary to bring himself within the terms of the statute'. . . thus apprising the court and the defending party of the assignment relied upon and showing the plaintiff's right to sue upon the chose in action acquired thereby." Id., 470-71 (citations omitted).
It would appear that the amended complaint complies with52-118. Consequently the plaintiff, as the assignee of CT Page 7328 Lafayette Bank's claims against the estate of Carole Doyle, has standing to commence this action. See also Leonard v. Bailwitz,148 Conn. 8, 13 166 A.2d 451 (1960) and Second Exeter Corp. v. Epstein, 5 Conn. App. 427, 430, 499 A.2d 429 (1985) (assignee stands in shoes of assignor and has same rights).
Furthermore, even if no written assignment existed between the plaintiff and Lafayette Bank, the plaintiff would still have standing by virtue of the equitable principle of subrogation. See Hartford Accident Indemnity Co. v. Chung, 37 Conn. Sup. 587,590-91, 429 A.2d 158 (App. Sess. 1981) (upon payment of a loss, insurer becomes subrogated to rights of insured without formal assignment of express stipulation in insurance contract). For the foregoing reasons, defendant's motion to dismiss on the first ground should be denied.
 II
Defendant's second ground for dismissal is that the claim filed by Lafayette Bank was not presented to the fiduciary, John Doyle, as required by General Statutes 45a-358 (a) and (d), but instead was sent to Lawrence Merly, the attorney for the estate. The improper presentation for a claim implicates the subject matter jurisdiction of the court. See General Statutes45a-358 (c) ("No creditor shall be entitled to enforce payment of his claim . . . in any proceeding in any court unless his claim is presented in accordance with the provisions of this section.").
Section 45a-358 (a) required that a claim "be presented to the fiduciary in writing." Section 45a-358 (d) states that "[a] claim may be presented to the fiduciary. . . by: (1) Personal delivery to the fiduciary. . .; or (2) mailing by regular, certified or registered mail. . . ." Defendant argues that the statutory definition of "fiduciary" (45a-353 (a)) does not encompass the fiduciary's attorney. The defendant has conveniently failed to cite General Statutes 45a-358 (e) (formerly 45-230g(e)), which states as follows:
 A claim shall be deemed presented on: . . .(2) the date of mailing in the event the claim is properly mailed to the fiduciary at the fiduciary's addresses set forth in the newspaper notice given under section 45a-354 [formerly 45-230c],. . . or in the records of the court of probate. . . .
(emphasis added). Section 45a-354 requires the probate court to publish newspaper notice so that all persons having claims can CT Page 7329 present them to the fiduciary. "Such notice shall state: (1) The name of the fiduciary and the address at which claims should be presented. . . ." General Statutes 45a-354 (a) (emphasis added).
During oral argument, the plaintiff stated that on March 14, 1989 the probate court issued an order and notice that claims should be sent in care of attorney Merly. Defendant did not dispute this. The claim in question was sent by letter dated March 23, 1989, approximately three weeks after the appointment of Mr. Doyle as fiduciary, addressed to "Mr. John M. Dole, c/o Lawrence J. Merly." See Motion to Dismiss, exhibit "A". Since the claim was addressed to the fiduciary and sent to the address indicated on the notice published by the probate court the claim was properly presented. Consequently defendant's motion to dismiss on this ground should be denied.
 III
Defendant's third ground for dismissal is that the present action was not filed timely in accordance with General Statutes45a-363 (b)[3] because plaintiff's action was not commenced within 120 days of rejection of the claim. A claim may be rejected in either of two ways: The fiduciary can give notice to the claimant that all or part of his claim is rejected; General Statutes 45a-360 (a); or, alternatively, the claim is deemed rejected 30 days after the claimant notifies the fiduciary to take action and the fiduciary fails to do so; General Statutes45a-360 (c)[4] The claimant, however, must wait at least 90 days from presentment of the claim before notifying the fiduciary to take action. Id.
In this case the plaintiff presented his claim on or about March 23, 1989. General Statutes 45a-358 (e)(2). It then notified the fiduciary by letter dated April 23, 1990 that no action had been taken on its claim, and requested the fiduciary to take such action. See Motion to Dismiss, Exhibit "B". This lawsuit was initiated on July 3, 1990. See Sheriff's Return of Service.
Defendant asserts that he gave notice to plaintiff that the claim was rejected at probate court hearings held on October 2, 1989 and April 7, 1989, and in defendant's motion to dismiss application to remove fiduciary filed with the probate court on April 7, 1989. Thus, the defendant argues, the plaintiff's lawsuit, which commenced on July 3, 1990, was untimely since more than 120 days had passed.
As the defendant himself notes in another section of his brief, "notice: is defined as "a written instrument containing the required information sent to the person to whom the notice CT Page 7330 is to be given by certified mail or registered mail. . . ." General Statutes 45a-353 (k) (formerly 45-230 (k)). "A notice rejecting the claim. . . shall state the reasons therefor. . . ." General Statutes 45a-360 (b). Further, the rejection "must be sufficiently unequivocal to put the claimant on notice that his claim is rejected and that an adjudication by commissioners or a court is necessary to establish it." International Tool and Gauge Co. v. Borg, 145 Conn. 644, 646, 145 A.2d 750 (1958). See also Locke and Kohn, 2 Connecticut Probate Practice, 481, at 517 (1951). The plaintiff denies having received any rejection notice, and defendant has not submitted one with his motion papers. Although there is evidence that the defendant disputed plaintiff's claim at and in the aforementioned hearings and motion, this does not constitute a written notice of rejection was required by statute. See 45a-353 (k) and 45a-360 (a) and (b). Since no written notice of rejection was given to the plaintiff in accordance with General Statutes 45a-360 (a), the claim in question must be deemed rejected on the 31st day after plaintiff gave notice to the fiduciary to take action. General Statutes 45a-360 (c). That is, the claim was rejected on May 24, 1990. Since plaintiff commenced this lawsuit on July 3, 1990, it is concluded that the action was filed well within 120 days of rejection in compliance with General Statutes 45a-363. Accordingly the defendant's motion to dismiss on the third ground, should be denied.
 IV
The fourth basis for dismissal merely reiterates defendant's first and second grounds. Suffice it to say that plaintiff does have standing to notify the fiduciary to take action on the claim even though the claim was initiated by Lafayette Bank, and that plaintiff's letter of April 23, 1990 was properly sent to Mr. Doyle in care of Mr. Merly, for the reasons discussed above.
 V
Lastly, defendant argues that plaintiff delayed in giving notice to the fiduciary to act and, thus, such delay constitutes waiver, estoppel and laches. This last ground does not implicate the subject matter jurisdiction of the court and should be raised as a special defense. See Practice Book 164.
In conclusion, for all the foregoing reasons the court concludes that it has subject matter jurisdiction over the plaintiff's action and the motion to dismiss is hereby denied.
MELVILLE, JUDGE CT Page 7331