[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #104
On December 8, 1994, the plaintiff, Noreen V. Williams, filed a three count revised complaint against the defendant, Victor L. Bernard, for relief arising out of an action for dissolution. In count one the plaintiff alleges that the marriage between her and the defendant has broken down irretrievably. Count two alleges that the parties cohabitated from approximately six years prior to their marriage until the present. During that time, the parties pooled all their assets and income, shared all liabilities, raised their three minor children, and jointly purchased the present marital home prior to marrying. The plaintiff alleges that during this period, until approximately October 1, 1994, the defendant expressly and impliedly agreed to equal partnership status with the plaintiff within the meaning of General Statutes § 34-39 et seq., in all their financial relations, in consideration of which the plaintiff expended her income and pension and retirement savings for their mutual benefit. The plaintiff further alleges that the defendant breached the partnership agreement by refusing to account to the plaintiff for the partnership assets. Finally, count three alleges that the CT Page 2328 defendant, by refusing to share equally in the assets accumulated by the parties, breached an agreement to share equally with the plaintiff all assets, income and benefits of their mutual efforts. The plaintiff alleges that the defendant would be unjustly enriched if he were not required to share equally with the plaintiff all assets accumulated by the parties.
On December 2, 1994, the defendant filed a motion to strike counts two and three on the ground that they are improperly joined causes of action and they fail to state a claim upon which the family division can grant relief. As required by Practice Book § 155, the defendant filed a memorandum in support of his motion and the plaintiff has filed a timely memorandum in opposition.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Id., 142. Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike. Practice Book § 152.
The defendant argues in his memorandum that counts two and three do not state causes of action within the jurisdiction of the family division. Instead, the defendant argues that these counts state causes of action within the jurisdiction of the civil division of the Superior Court, and, therefore, should be stricken.
In response, the plaintiff first argues that the defendant has waived his right to challenge this court's subject matter jurisdiction because he failed to file a motion to dismiss within thirty days of filing his appearance. At the outset, "parties cannot confer subject matter jurisdiction on a court by consent, waiver, silence or agreement." Hayes v. Beresford, 184 Conn. 558, 562,440 A.2d 224 (1981). "[T]his court addresses jurisdictional CT Page 2329 questions as they arise." Id., 561. Plaintiff's argument of waiver is, therefore, unpersuasive.
However, the plaintiff also argues that because counts two and three are so closely interrelated to the cause of action for dissolution of marriage, to require them to be brought by concurrent independent complaints in the civil division would only delay a disposition of the parties' relationship and interfere with the interests of judicial economy.
Practice Book § 133 provides, in part, that:
 in any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if several causes of action are united in the same complaint, they shall all be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action.
 "The key to a determination of the propriety of joinder is the understanding of the term `same transaction.' . . . A transaction is something which has taken place whereby a cause of action has arisen. . . . It must, therefore, consist of an agreement or several acts or agreements, having some connection with each other, in which are than one person is concerned, and by which the leg relations of such persons between themselves are altered." (Citations omitted.)
Hartzheim v. Derekseth Corporation, 2 CSCR 537, 538
(April 10, 1987) (Noren, J.). The claims of unjust enrichment and breach of partnership are alternative theories of liability. "Under our pleading practice, a plaintiff is permitted to advance alternative and even CT Page 2330 inconsistent theories of liability against one or more defendants in a single complaint. Practice Book §§ 94, 137." Dreier v. Upjohn Co., 196 Conn. 242, 245,492 A.2d 164 (1985). In the instant case, both causes of action arise out of the same transaction; the cohabitation and marriage of the parties.
Our rules of practice contemplate fact pleading. "A formalistic or highly technical construction of pleadings is contrary to a proper view of pleading requirements."Leabo v. Leninski, 2 Conn. App. 715, 720, 484 A.2d 239
(1984). The allegations of the complaint are to be tested by the facts alleged. American Laundry Machinery, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). "It is, after all, the facts alleged which determine the cause of action, and not the nomenclature employed. See Practice Book §§ 108. 109." Hartford Accident Indemnity Co. v.Chung, 37 Conn. Sup. 587, 595, 429 A.2d 158 (App. Sess. 1981). "'[T]he court will put upon [the averments] such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice betweenthe parties. . . . '" (Citations omitted.) Cahill v. Boardof Education, 198 Conn. 229, 236, 502 A.d 410 (1985). "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise." Farrell v. St. Vincent's Hospital, 203 Conn. 554,557, 525 A.2d 954 (1987).
"[T]he purpose of property division [under General Statutes § 46b-81] is to unscramble the ownership of property, giving to each spouse what is equitably his.Beede v. Beede, 186 Conn. 191, 195, 440 A.2d 283 (1982)."Weiman v. Weiman, 188 Conn. 232, 234, 449 A.2d 151 (1982). The plaintiff's complaint seeks just this kind of remedy. It is irrelevant that the plaintiff has chosen to label these counts as causes of action normally within the jurisdiction of the civil division of the Superior Court.
"A right to recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or CT Page 2331 unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." (Citations omitted.) Hartford Whalers Hockey v.Uniroyal Goodrich Tire, 231 Conn. 276, 282, (1994).
Against this background, the plaintiff has alleged facts which, if proven, would support a cause of action under General Statutes § 46b-81. Accordingly, for all of the aforementioned reasons, the defendant's motion to strike counts two and three is denied.