[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Bernard Caliendo d/b/a B. Sure Home Inspection Company (hereinafter "Caliendo") filed a motion to strike various counts of the plaintiff's multi-count complaint. Although plaintiff's counsel appeared at Short Calendar to argue against Caliendo's motion, he filed neither an objection to the motion, nor a memorandum in opposition. The filing of a memorandum in opposition to the motion to strike is mandatory. Connecticut Practice Book section 10-42.[1] "Failure to file such may still serve as a ground for granting a motion to strike." Olshefski v.Stenner, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark, J., 2 Conn. L. Rptr. 477, 478). However, the court in its discretion may overlook the procedural defect. Id. This court CT Page 916 will overlook the plaintiff's failure to comply with the Practice Book. For reasons more fully set forth below, the defendant's motion to Strike Counts Five and Six is granted. His motion to strike Counts Seven, and Eight is denied.
Caliendo requests that this court strike the Fifth and Sixth Counts which state causes of actions for both fraud and negligence. Specifically, those counts allege that the defendant was negligent, in that he failed to perform a variety of task; and that he fraudulently misrepresented certain facts to the plaintiff. The only truly substantive difference between the counts is that in Count Five the plaintiff claims that:
 "The above representations and/or failure to identify were false and fraudulent and were made by defendant Bernard Caliendo with the knowledge that they were false, or with insufficient knowledge and a reckless disregard as to whether or not the representations were true or false, and/or as to whether or not the said inspection report included all identifiable problems and/or defects;"
whereas, in Count Six the plaintiff alleges that:
 "[t]he above representations and/or failures to identify were false and fraudulent and were made by defendant Bernard Caliendo negligently and carelessly in terms of his failure to determine whether or not the representations were true or false, and/or whether or not the said inspection report included all identifiable problems and/or defects."
The plaintiff conceded during oral argument that Count Six contained causes of action arising out of both negligence and fraud. Although plaintiff's counsel did not concede that Count Five contained, similarly, combined causes of actions, he did not explain to the Court why it should be treated any differently than Count Six.
"Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one ore more counts, that party may do so by filing a motion to strike." Williams v.Bernard, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543987 (March 16, 1995, Santos, J., 13 Conn. L. Rptr. 619, 620). CT Page 917
Counts Five and Six clearly contain mixtures of claims arising out of negligence and fraud. This combination renders both counts legally insufficient. Therefore, defendant's motion to strike them is granted.
The defendant moves to strike paragraph 10 of Counts Five, Six, Seven and Eight on the grounds that it is merely an opinion statement. That paragraph alleges that: "as a further consequence of the defendant Bernard Caliendo's conduct, the plaintiff may incur future expenses to repair the house." Construed in the light most favorable to the plaintiff, this allegation does not allege mere opinion. It is true that it alleges, what might be considered, speculative damages but that is not the ground upon which the defendant seeks to strike the paragraph. Additionally, the defendant does not claim that paragraph 10 states a cause of action. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Citations omitted; internal quotation marks omitted.)Zavo v. Montanaro, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313902 (January 25, 1995, Cocco. J.). This court will not address paragraph 10 in Counts Five and Six because those counts are to be stricken entirely, on other grounds. As for paragraph 10 in Counts Seven and Eight, the motion is denied because it is improper to strike a single paragraph which does not purport to state a cause of action and because the paragraph alleges more than opinion.
Finally, the plaintiff moves to strike the Eighth Count of the complaint because it mixes claims of negligence, fraud and breach of contract. The allegations in plaintiff's complaint, read in a light most favorable to the plaintiff do not mix causes of actions. That count states breach of a contract cause of action. Therefore, defendant's motion to strike the Eighth Count is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT