[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the collection of wages brought pursuant to General Statutes § 31-72. The plaintiff filed a three-count amended complaint on September 30, 1999, alleging a violation of § 31-71a
et. seq., unjust enrichment, and intentional infliction of emotional distress. The defendant moves to strike the entire complaint, claiming that the complaint does not state a cognizable cause of action upon which relief can be granted.
A motion to strike challenges the legal sufficiency of the complaint.Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). For purposes of this motion to strike the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989).
General Statutes § 31-72 provides that "[w]hen any employer fails to pay an employee wages in accordance with the provisions of sections31-71a to 31-71i, inclusive . . . such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ." "Wages" is defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, CT Page 1155 task, piece, commission or other basis of calculation. . . ." General Statutes § 31-71a (3). Section 31-72 would not apply to a claim for back wages where the employee "rendered no `labor or services,'" but would apply to wages earned by the employee. Sansone v. Clifford,219 Conn. 217, 229, 592 A.2d 931 (1991), quoting General Statutes §31-72.
The court must accept as true those facts pleaded in the complaint for purposes of this motions to strike. The facts, as alleged by the plaintiff are as follows: The plaintiff was employed by the defendant from July 1, 1992 until June 14, 1996. The City Council is empowered to set pay ranges for municipal employees. From September 21, 1992 to June 14, 1996, the plaintiff was paid a salary below the minimum pay range order by the City Council, and in February 1995 the plaintiff notified the defendant that he was not being paid the proper salary. The defendant refused to pay the plaintiff a salary that was within the pay range ordered by the City Council.
The defendant argues that the entire complaint must be stricken because it fails to state a cause of action. More specifically, the defendant argues that count one must be stricken because the statute under which the plaintiff brings his claim has been repealed. The defendant also argues that the plaintiff's claim may only be heard by the Labor Commission. The plaintiff argues in opposition that, count one is legally sufficient because it alleges that the defendant violated General Statutes § 31-71a et seq., by failing and refusing to pay the plaintiff the proper salary.
While it is true that General Statutes § 31-71 has been repealed, this is not the statute under which the plaintiff brings his claim. The court recognizes the reference to § 31-71 in the heading of count one; however, this is clearly a typographical error. "It is, after all, the facts alleged which determine the cause of action, and not the nomenclature employed." Hartford Accident Indemnity Co. v. Chung,37 Conn. Sup. 587, 595, 429 A.2d 158 (App. Sess. 1981). Paragraph thirteen of count one states that the plaintiff brings this claim under § 31-71a.[1] Additionally, an employee may bring a direct action for the collection of wages, pursuant to § 31-72, in Superior Court.
The court holds that the facts alleged in count one sufficiently support a cause of action for a violation of § 31-71a et seq., and because count one is legally sufficient, the court need not address counts two and three.
For the reasons stated above, the motion to strike is denied. CT Page 1156
By the Court,
Booth, J. Judge of the Superior Court